UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re:  Harold E. Cole, | : | CHAPTER 11 |
| | : | |
| Debtor | : | CASE NO. 10-50091 AHWS |
| | : | |
| | : | NOVEMBER 18, 2014 |

## MOTION TO DISMISS CASE OR IN THE ALTERNATIVE TO CONVERT TO CHAPTER 7

The secured Creditors, John A. Lovetere and John A. Lovetere, Executor of the Estate of Nancy Lovetere (hereinafter the "Movants" or "Loveteres"), respectfully move for an Order dismissing this case, or in the alternative converting this case to a case under Chapter 7. In support of this Motion, the Movants state as follows.

1. The Debtor filed a voluntary Chapter 11 petition nearly five years ago on January 15, 2010.

2. Upon review of the Debtor's schedules and amended schedules filed several months later, it was clear that the Debtor had sufficient assets, particularly real property investments, to pay all of his creditors in full. The Debtor estimated the value of his real property assets to be $2,480,000, as compared to estimated liabilities of

1

$1,088,417.05.  In his schedules, the Debtor listed multiple investment properties consisting of unimproved land that could have been sold to satisfy all debts. Furthermore, the Debtor's schedules indicated that he had insufficient income to cover even his monthly expenses.   It has been quite obvious since the filing of his schedules that the only means the Debtor has to pay his creditors is to liquidate some of his real property holdings.

3. The Loveteres are neighbors of the Debtor in Woodbury, CT.  The Loveteres brought a civil action in Connecticut Superior Court in 2004 after learning that the Debtor recorded a deed and map on the Woodbury land records purporting to transfer title to a substantial portion of the Loveteres' property to himself.  The case was tried to the Superior Court over two days in May of 2008, which resulted in a judgment in favor of the Loveteres on several counts.  The court found that the Debtor had for nearly 20 years engaged in efforts to establish ownership over property that he knew he did not own.  The court quieted title to the disputed property in the Loveteres, and further found that the Debtor had willfully and purposely slandered the Loveteres' title by recording a deed which he knew was false.  On August 15, 2008, the Connecticut Superior Court entered judgment in favor of the Loveteres on their statutory slander of

title count in the amount of $111,115.25 (hereinafter "Judgment").

4.     Thereafter, the Debtor appealed the Judgment to the Connecticut Appellate Court. The Appellate Court affirmed the decision of the Superior Court in favor of the Loveteres on December 29, 2009. The Debtor took no further appeals.

5.     The Loveteres incurred additional attorneys' fees and costs in the defense of the appeal. A motion seeking an award of the additional attorneys' fees and costs incurred was filed in Connecticut Superior Court on January 12, 2010. Before the Loveteres could prosecute this motion, however, the Debtor filed his voluntary Chapter 11 petition on January 15, 2010. The Loveteres therefore moved for relief from stay on October 7, 2013 (Docket No. 389) to allow them to pursue their motion for attorneys' fees and costs in Superior Court, which motion was granted by the Court on October 23, 2013 (Docket No. 402). On February 21, 2014, the Connecticut Superior Court held a hearing on the Loveteres' motion for attorneys' fees and costs. The Debtor failed to attend the hearing and did not contest the motion. The motion was granted by the Superior Court, resulting in an award of additional attorneys' fees of $11,940 (hereinafter "Supplemental Judgment"). The Judgment, Supplemental Judgment, and post-judgment interest at ten percent are secured pursuant to a Judgment Lien

recorded against various properties owned by the Debtor in Woodbury, CT.

6.      On March 23, 2010, the Loveteres filed timely proofs of claim (Nos. 10 and 11) in this matter in the sum of $138,824.48, which amount is comprised of the $111,115.25 Judgment, post-judgment interest of $15,769.23 (518 days at $30.442534 per day), plus the $11,940 Supplemental Judgment.  On December 12, 2011, the Debtor filed an omnibus objection (Docket No. 213) to the Loveteres' proofs of claim.  As to the Estate of Nancy Lovetere's proof of claim (No. 11), the Debtor's two-word objection stated "liability denied".  As to John A. Lovetere's proof of claim (No. 10), the Debtor's three-word objection stated "Liability denied; overstatement."  No other explanation was provided by Debtor as to his basis for objecting to the Loveteres' proofs of claim.  The Loveteres spent over 2 years trying to get the Debtor to withdraw his objection to the claims.  The Debtor finally withdrew his objection on November 6, 2014.

7.      It was clear when the Debtor first filed his schedules nearly 5 years ago that the Debtor held sufficient assets to pay all creditors in full.  It was obvious then that in order to do so the Debtor would have to liquidate his real property.  Nevertheless, it took the Debtor over 3.5 years to submit a viable reorganization plan capable of

confirmation. Not surprisingly, the Debtor's Fifth Amended Plan of Reorganization, dated October 1, 2013 (hereinafter the "Plan")(Docket No. 377), calls for the liquidation of his properties and payment of 100 percent of all allowed secured claims within a three year period by making equal yearly installments with interest. Priority claims would be paid in full within a five year period, and all allowed unsecured claims would be paid in full within a three year period. The Debtor represented in the Plan that to properly fund the Plan he was in the process of selling, developing or refinancing all properties owned by the Debtor with the exception of his house. He estimated that after liquidation there would be net equity before unsecured claims are paid of approximately $1,100,000. Plan funds would be supplemented by cash flow realized from the operation of the Debtor's business. The Plan was confirmed by the Court on October 2, 2013.

       8.     D. Conn. LBR 2015-3 requires that post-confirmation reports be filed with the Court. That rule states "[w]ithin 45 days after the order confirming a plan in a Chapter 11 case and, until the entry of final decree, every 90 days thereafter, the debtor-in-possession, trustee, distributor, or plan proponent shall file a report with the court and serve a copy on any committee appointed in the case, and the United States

Trustee, which report shall set forth the action taken and progress made in the consummation of the plan pursuant to 11 U.S.C. § 1106(a)(7)." The Debtor, as a debtor in possession of all his real property, has completely ignored this Rule. Other than the filing of monthly operating reports that pertain to his business activities, no reports whatsoever have been filed advising the Court, the Chapter 11 trustee, and creditors as to what actions the Debtor has taken in furtherance of the Plan.

9.  Despite having nearly 5 years since filing his petition and over 1 year since confirmation of the Plan, the Debtor has failed to sell any of his properties (with the exception of one piece of property the sale of which was contracted pre-petition and consummated post-petition). The Debtor has employed a real estate broker to sell the properties in accordance with the Plan, but it is a mystery what actions the broker has taken to sell the Debtor's properties.

10.  No creditors, including the Loveteres, have been paid any installment payments as provided for in the Plan. At this point there is no reasonable prospect that the Debtor will be making payments to creditors in a timely fashion in accordance with the Plan.

11.  In short, there has been a fundamental lack of good faith since the filing of

the Debtor's bankruptcy petition. It is clear from the Debtor's actions that he will contently remain under the protection of the automatic stay as long as he can to delay payment to creditors. Meanwhile, creditors are forced to await payment until the Debtor unilaterally decides to sell a piece of property. The Debtor clearly holds investment properties the value of which far exceed the amount of all debts owed. The Debtor has the ability to pay all creditors, he simply chooses not to. Given the history of this case and the Debtor's actions, there is no indication that the Debtor will ever sell his properties. Allowing the Debtor to remain a debtor-in-possession and in control of the disposition of his properties has resulted in an unreasonable and continued delay in the administration of this case. A conversion to Chapter 7 would, in essence, consummate the Plan as proposed by the Debtor and confirmed by the Court – the only difference being that a trustee would take control and the Debtor would not be able to delay the sale of his properties for as long as he sees fit. Being that the Debtor's means for effectuating the Plan contemplates the liquidation of his investment properties in order to pay creditors, if the Debtor truly desires to pay his creditors in full then he should voluntarily agree to conversion to Chapter 7. The Debtor has delayed payment to creditors for 5 years despite having the ability to do so. The delays are unreasonable,

inequitable, and not in the best interest of creditors, and therefore this case should be dismissed with prejudice or converted to a case under Chapter 7.

WHEREFORE, the Loveteres respectfully move for an order dismissing the Debtor's case with prejudice, or in the alternative converting it to a case under Chapter 7 where a trustee is in control of the disposition of the Debtor's real property, either of which would better serve the creditors' interests going forward.

THE MOVANTS,

By: /s/ Thomas W. Mott, Esq.
    Cramer & Anderson, LLP
    P.O. Box 278
    Litchfield, CT  06759
    860-567-8718
    860-567-4531 (fax)
    tmott@cramer-anderson.com
    Federal Bar No. ct28789

8

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

In re:  Harold E. Cole,                :        CHAPTER 11
                                       :
        Debtor                         :        CASE NO. 10-50091 AHWS
                                       :
                                       :        NOVEMBER 18, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Motion to Dismiss Case or in the Alternative to Convert to Chapter 7 was sent this 18th day of November, 2014 to the following:

<u>Via CM/ECF or E-Mail or First Class Mail</u>

| | |
|---|---|
| Maximino Medina, Jr. on behalf of Debtor | mmedina@znclaw.com |
| Michael A. Carbone on behalf of Debtor | mcarbone@znclaw.com |
| James G. Verrillo on behalf of Debtor | jverrillo@znclaw.com |
| Gregory F. Arcaro for Creditors Donna Hamilton Lorraine and Patricia Stauble | garcaro@kmelaw.com |
| Gregg D. Adler for Creditor Susan Balutis | gdadler@lapm.org |
| Ann M. Nevins for U.S. IRS | ann.nevins@usdoj.gov |
| Holley L. Claiborn, U.S. Trustee | USTPRegion02.NH.ECF@USDOJ.GOV |
| Pasquale Young for Creditors Maryellon Simon | pat@bymlaw.com |

| | |
|---|---|
| and Roger Simon | |
| Daniel Burns for Creditors Maryellen Simon<br>    And Roger Simon | dan@bymlaw.com |
| Douglas M. Evans for Creditors Donna Lee Hamilton<br>    And Patricia Stauble | bankr@kmelaw.com |
| Maria A. Santos for CT DRS | maria.santos@ct.gov |
| Anita C. DiGioia for Defendant Henry Hart | acd@digioialaw.com |
| Eliot Field for Creditor Donna Hamilton Lorraine | eliot@fieldlaw.us |
| David M.S. Shaiken for Creditor Susan Balutis | dshaiken@davidshaiken.com |
| Linda St. Pierre for Creditor HSBC Bank, NA | lstpierre@huntleibert.com |

Town of Woodbury
Tax Collector's Office
281 Main Street South
Woodbury, CT 06798

        By: /s/ Thomas W. Mott, Esq.
            Cramer & Anderson, LLP
            P.O. Box 278
            Litchfield, CT   06759
            860-567-8718
            860-567-4531 (fax)
            tmott@cramer-anderson.com
            Federal Bar No. ct28789