**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re:  Harold E. Cole | : | Chapter:  11 |
| | : | Case No.:  10-50091 (AHWS) |
| Debtor | : | Re:  Doc. No. 469 |
| | : | (Motion to Dismiss Case or in the Alternative |
| John A. Lovetere and | : | to Convert to Chapter 7) |
| John A. Lovetere, Executor of the | : | |
| Estate of Nancy Lovetere | : | |
| Movants | : | |
| v. | : | |
| | : | |
| Harold E. Cole | : | |
| Debtor/Respondent | : | December 12, 2014 |

**DEBTOR'S OBJECTION TO MOTION TO DISMISS**
**OR IN THE ALTERNATIVE TO CONVERT TO A CHAPTER 7**

Debtor Harold E. Cole (the "Debtor") hereby objects to creditors' John A. Lovetere and John A. Lovetere, Executor of the Estate of Nancy Lovetere (hereinafter, collectively, the "Loveteres") Motion to Dismiss or in the Alternative to Convert to a Chapter 7 (the "Motion"; Doc. ID. 469), and in support thereof represents the following:

1. The plan was confirmed on October 2, 2013 (the "Plan"; see Doc.ID 379) and provides for a 100% payment to creditors as provided for therein, including annual payments to certain creditors including the Loveteres.

2. The amounts for funding such payments are to be derived from the sale and/or refinance of Debtor's assets.  Installment payments were scheduled to commence upon the issuance of the Final Order confirming the Plan (approximately October 20, 2014).

3. By their Motion, the Loveteres seek either to dismiss or convert this case due to Debtor's inability to make the payments as provided for under the Plan.

4. **Applicable law**

    a. The "dismissal or conversion on a finding of cause is submitted to the sound discretion of the Court." *In re H.R.P. Auto Center, Inc.*, 130 B.R. 247, 256 (Bankr. N.D.Ohio 1991). Section 1112(b)(2) "operates to enable a debtor to avoid dismissal or conversion even in the absence of *unusual circumstances* where the debtor shows that there is *reasonable justification* for the deficiencies in the case, [and] those deficiencies will be cured within a reasonable period of time…. The court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." (Emphasis added; internal quotation makes omitted; internal citations omitted). *In re Van Eck*, 425 B.R. 54, 59 (Bankr.D.Conn.2010).

5. **Reasonable Justification Exists to Avoid Dismissal or Conversion**

    a. Debtor's failure to make the Plan payments is neither willful nor intentional. In fact, Debtor's inability is based on circumstances that have resulted in a substantial investment of additional time and effort on the part of Debtor not contemplated when the time frames under the Plan were established.

    b. **Sale in offing**

        i. Debtor, by his own actions and through those of his broker, is negotiating the sale of several of his assets with already identified prospective purchaser(s). While slower than initially anticipated, progress is being made for the sale of Debtor's flooring business and a portion of his real estate.

        ii. Several proposals are being considered. If a sale proceeds, all missed payments will be made and significant payment will be made on the next payments due.

        iii. With respect to the sale of Debtors' real property, zoning issues have arisen that Debtor is trying to address to maximize the sales price for benefit of the estate. A

chapter 7 trustee could not hasten that process as such issues are required to be resolved prior to sale.

    c. **The Plan is a Full Pay, 100% Plan with Debtor Equity**

        i. Debtor's good faith efforts are moving the sales process forward, which will result in 100% payment to all creditors with interest, and further result in Debtor obtaining a deal that represents the best value for the assets of the estate. The Loveteres are fully secured and any amounts in excess of the allowed claims will be for the benefit of Debtor. Obtaining market value for the assets will serve the estate and the underlying bankruptcy code policy of the Debtor obtaining a fresh start.

6. **Additional Time to Make Plan Payments is Reasonable, Fair and Equitable to the Estate and Debtor**

    a. Given the facts and circumstances of this case, Debtor seeks an additional one hundred and eighty (180) days to commence installment payments under the Plan, which is a reasonable period of time. As already noted above, there is equity in the assets and creditors will not be prejudiced by such extension because they are fully secured and will be paid the allowed amount of their respective claims with interest.

7. **No Harm to the Loveteres of Other Creditors**

    a. The Loveteres, along with all other creditors, are fully secured and any additional time will not erode their position by a single penny.

    b. Conversely, if the case is dismissed or converted, the assets will be sold at well below market value, which could be a detriment to the estate and would be inequitable for Debtor's equity position.

8. **Unnecessary Time and Expense to the Estate if Converted**

   a. As noted above, appointment of a chapter 7 trustee could not hasten the sales process. Additional time and costs would ensue if the case was converted and a chapter 7 trustee appointed.

9. **Equity Favors Debtor**

   a. The circumstances demonstrate that Debtor has shown a reasonable justification for his failure to make payments under the Plan and seeks relief by way of the Court's equitable powers to allow him the opportunity of a reasonable amount of additional time to comply with the Plan payments. *See In re H.R.P. Auto Center, Inc.*, 130 B.R. at 256 (Bankr. N.D.Ohio 1991) (noting that conversion is left to the sound discretion of the Court).

   b. Based on the foregoing, a reasonable justification exists to allow Debtor (i) to avoid dismissal or conversion and (ii) an additional one hundred eighty (180) days to commence payments pursuant to the Plan

                                        The Debtor
                                        Harold E. Cole

                                        By:_____/s/_____
                                            James G. Verrillo (ct08819)
                                            Zeldes Needle & Cooper, P.C.
                                            1000 Lafayette Boulevard
                                            Bridgeport, CT 06604
                                            Tel: 203-333-9441
                                            Fax: 203-333-1489
                                            Email: jverrillo@znclaw.com