## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| HAROLD E. COLE, ) | CASE NO. 10-50091 |
| Debtor ) | |
| ) | DECEMBER 6, 2016 |

### OBJECTION TO TRUSTEE'S MOTION TO EXPAND
### RETENTION ORDER OF AUCTIONEER

The Debtor, acting by its counsel Zeldes, Needle & Cooper, P.C., prays for an order denying the Trustee's Motion to Expand Retention Order of Auctioneer (Doc. ID. 683) and in support thereof avers the following:

1. The Debtor is a Chapter 7 individual.

2. The Debtor, upon information and belief, believes that this is a one hundred (100%) percent estate and has so indicated this through a confirmed plan which was ultimately not completed.

3. The Debtor has a material interest in the outcome of the auction because the net remaining amounts would inure to his benefit. *See the Affidavit of Harold E. Cole* at ¶3 attached hereto and made a part hereof as Exhibit "A".

4. On July 19, 2016, the Court Approved the Amended Application to Employ Auctioneer, Hamilton Group, LLC (Doc. ID. 637).

5. Upon information and belief, the Auctioneer has inaccurately identified various items resulting in sales well below market value. *Id.* at ¶4 & 5.

6. As an example, Debtor purchased numerous items from the Auctioneer, including lot #230 a banister back arm chair, lot 880 a cedar desk and lot 977 a red chest for the aggregate amount of $1,650, plus a $307.50 buyers premium for a total of $1,957.50. *Id.* at ¶6.

7.  Debtor immediately sold those pieces to another dealer for an aggregate amount of $12,500.00, a difference of over $10,000.  *Id.* at ¶7.

8.  The Auctioneer repeatedly described various period pieces as having "normal wear" present as if it was a flaw, thereby reducing the value of such pieces.  *Id.* at ¶8.

9.  Upon information and belief, the Auctioneer has improperly taken in excess of 50 items of personal property belonging to Betinna Krainin, which is not property of the estate.  *Id.* at ¶9.

10. The Auctioneer has demonstrated a lack of knowledge in the sale of early American furniture and accessories.  *Id.* at ¶10.

11. The Auctioneer's misidentification and faulty assessment of numerous items has seriously impacted the value to the estate and to Debtor.  *Id.* at ¶6 & 7.

12. The Debtor does not object to the sale of assets, but given the circumstances, believes that the Trustee's desire to expand the retention order of the Auctioneer is not advantageous to the estate or Debtor and should be rejected.

THE DEBTOR
HAROLD E. COLE

By: _____/s/_____
    James G. Verrillo (ct08819)
    Zeldes, Needle & Cooper, P.C.
    P.O. Box 1740
    1000 Lafayette Blvd.
    Bridgeport, CT. 06601-1740
    Tel: (203)333-9441
    Fax: (203)333-1489
    Email: jverrillo@znclaw.com

EXHIBIT "A"

Affidavit of Harold E. Cole

(attached)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| HAROLD E. COLE, ) | CASE NO. 10-50091 |
| Debtor ) | |

## AFFIDAVIT OF HAROLD E. COLE

The undersigned, being duly sworn, does hereby represent as follows:

1. I am over 18 years of age and believe in the obligations of an oath.
2. The statements herein are based on my personal knowledge.
3. I am the Debtor in this case and I have a material interest in the outcome of the items sold because the net remaining amounts would inure to my benefit.
4. The Auctioneer incorrectly identified and described various items.
5. The Auctioneer failed to research and establish current market value or use the pre-auction estimates provided causing items to be sold well below market value.
6. I purchased numerous items from the Auctioneer, including lot #230 a banister back arm chair, lot 880 a cedar desk and lot 977 a red chest for the aggregate amount of $1,650, plus a $307.50 buyers premium for a total of $1,957.50.
7. I immediately sold those pieces to another dealer for an aggregate amount of $12,500.00.

8. The Auctioneer has repeatedly pointed out that various period pieces had "normal wear" present as if it was a flaw thereby reducing the value of such pieces.

9. I believe the Auctioneer has taken in excess of 50 items of personal property of Betinna Krainin, which is not property of the estate.

10. The Auctioneer has demonstrated a lack of knowledge in the sale of early American furniture and accessories.

11. The Auctioneer's misidentification and faulty assessment of numerous items has seriously impacted the value to the estate and, ultimately, to me as Debtor.

12. The Motion to expand the Auctioneer's duties should be denied so that the additional items can be identified and valued properly.

_____
Harold E. Cole

Duly sworn, before me, this __6th__ day of December, 2016.

_____
Commissioner of the Superior Court/
Notary Public Suzanne B Cooper

Suzanne B Cooper
NOTARY PUBLIC
State of Connecticut
My Commission Expires 4/30/2020

3