## FEE APPLICATION COVER SHEET

Interim Fee Application of: <u>The Hamilton Group, LLC</u>

Time Period: <u>July 30, 2019-Present</u>

Bankruptcy Petition Filed: <u>January 15, 2010, Converted February 5, 2015</u>

Date of Entry of Retention Order: <u>July 19, 2016 (Doc. Id. 637), expanded July 30, 2019 (Doc. Id. 944)</u>

| **Amount Requested** | | **Reductions** | |
|---|---|---|---|
| Fees | $ *19,173.25 | Voluntary Fee Reductions | $ 0.00 |
| Expenses | $ 47,961.02 | Expenses | $ 0.00 |
| **TOTAL** | **$ 67,134.27** | | |

| **Retainer Request:** | | **Expense Detail:** | | **Expense Detail:** | |
|---|---|---|---|---|---|
| Retainer Received | $ | Copies: | $ | Copies – per page cost and total | $ |
| Prior award applied | $ | Travel: | $ | | |
| Balance before this request | $ | Other: | | | |

**Hours and Rates:**

Hours/Rates per professional:

    * Industry standard buyer's premium of 15% paid on all items in this sale

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| HAROLD E. COLE | CASE NO. 10-50091(JAM) |
| Debtor | |
| | NOVEMBER 26, 2019 |

### INTERIM APPLICATION BY AUCTIONEER
### FOR COMPENSATON AND REIMBURSEMENT OF EXPENSES

TO THE HONORABLE JULIE A. MANNING, Chief Bankruptcy Judge:

The Hamilton Group, LLC, court appointed auctioneer for the above-captioned estate (the "Auctioneer"), in support of this application for compensation and reimbursement of expenses and pursuant to 11 U.S.C. §§ 330 and 331 and Conn. Local Bankr. R. 6005-1 hereby represents as follows:

1.      On January 15, 2010, Harold E. Cole (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On February 5, 2015, the case was converted to Chapter 7 and Kara S. Rescia was duly appointed the Chapter 7 Trustee and is currently serving in that capacity.

2.      On July 19, 2016, the Court entered an Order authorizing the employment of the Auctioneer (Doc. Id. 637) and expanded retention of the Auctioneer by Order entered July 30, 2019 (Doc. Id. 944) for the purpose of conducting subsequent sales of the remaining assets of this estate, beginning with the sale of the Debtor's interest in the following:

Personal property located at 27 Middle Quarter Road, Woodbury, including selected items in the residence and numerous items in the shop, box truck, and outbuildings, as well as assets in the large red barn located behind the Debtor's residence (the "Red Barn"), lawn and garden ornamentation, a certain Kubota tractor, and a certain storage trailer, and including any personal property which has been moved by the Debtor to an undisclosed location; pieces of antique lumber, including doors, mantles, and handles,

various pieces of machinery and material handling equipment, and various stones located on the parcel of the Debtor at the corner of Bacon Pond Road, Woodbury, Connecticut and 645 Main Street South, Woodbury, Connecticut (collectively the "Ramase Assets"); antiques and architectural pieces formerly located in the basement storage below Market Place Kitchen & Bar, located at 641 Main Street South, Woodbury, Connecticut, which have been moved by the Debtor to an undisclosed location; as well as 113 certain antique pieces that did not sell at or went unclaimed from the previous Trustee's public sale of antiques, which are still in the possession of the Auctioneer, located in Clinton, Connecticut; seven certain other antiques, as more particularly set forth in the Order approving the Trustee's Motion for Authority to Compromise, entered July 17, 2019 (Doc. Id. 916), which the Debtor co-owned with Kenneth E. Tuttle Antiques, Inc. (the "Tuttle Antiques"); and assets consisting of numerous antiques located in Wiscasset, Maine which the Debtor disputes are property of the estate, but the Debtor has not provided any evidence to date of post-conversion purchase or ownership by a third party (all assets under this paragraph are hereinafter referred to as the "Remaining Personal Property"), as well as assets located at 27 Middle Quarter Road, Woodbury, CT include the Debtor's so-called personal collection of antiques, which includes an extensive collection of duck and fish decoys, taxidermy, furniture, sculptures, paintings, and a wide range of other collectibles, located at his home and adjacent buildings located in Woodbury, Connecticut, as well as certain of those assets which have been relocated by the Debtor to an undisclosed location (the "Personal Collection") (collectively referred to hereafter as the "Assets").

A copy of the Order is attached hereto as Exhibit "A".

3.      After notice and hearing, the Court granted the Trustee's Motion for Authority to Sell Personal Collection of Antiques and Remaining Personal Property of Debtor at Public

Auction, filed on August 8, 2019 (Doc. Id. 968) (the "Trustee's Sale Motion"), by Order entered on August 28, 2019 (Doc. Id. 986).

    4.      The Auctioneer conducted an asset sale on October 25, 2019 and October 26, 2019 as a public auction with bidder participation on the internet via LiveAuctioneers at www.liveauctioneers.com after an on-site two-day inspection period.

    5.      This asset sale generated paid gross receipts of One Hundred Fifty-Three Thousand Three Hundred Ninety and 00/100 ($153,390.00) Dollars. A Report of Sale is filed simultaneously herewith. The Trustee is currently holding One Hundred Forty-Eight Thousand Two Hundred Forty-Six and 09/100 ($148,248.09) Dollars which includes the buyer's premiums to be paid to the Auctioneer and LiveAuctioneers as commission and which represents the gross receipts less the 5% commission and 2.8% credit card processing fee retained by LiveAuctioneers for sales consummated through its payment mechanism in the amount of Five Thousand One-Hundred Forty-Three and 41/100 ($5,143.41) Dollars. The Auctioneer has not retained any amount of the gross receipts for its own commission or reimbursement.

    6.      The Auctioneer requests as its sole commission payment of the sum of Nineteen Thousand One-Hundred Seventy Three and 25/100 ($19,173.25), which is the industry standard buyer's premium of 15% paid on all items in this sale, as described in the Trustee's Sale Motion. A copy of the Auctioneer's invoice for this commission is attached hereto as Exhibit "B".

    7.      The Auctioneer also requests reimbursement of its reasonable and necessary expenses, as well as extraordinary expenses due to the unusual facts in this case, related to the sale in the sum of Forty-Seven Thousand Nine Hundred Sixty-One and 02/100 ($47,961.02) Dollars, as described more fully infra and as contemplated in the Trustee's Sale Motion. A copy of the Auctioneer's itemized invoice for this reimbursement is attached hereto as Exhibit "C" and, in accordance with Conn. Local Bankr. R. 6005-1(e), an affidavit ascribing to these expenses is

attached hereto as Exhibit "D", along with all supporting vouchers, invoices, receipts, and other documentation which will be addressed by subsequent exhibit references infra.

8.　　　Based on the advertising efforts of the Auctioneer, the two day online auction on LiveAuctioneers.com during which the Auctioneer displayed an online catalog that was available for review for 26 days prior to the auction dates, reached a huge audience and produced a large volume of bids set forth as follows:

A.　　The October 25, 2019 online auction sale of the Ramase Assets in which 110 items were sold, had 16,467 webpage views, 16,336 visitors that viewed the online catalog, 752 live bids, 303 absentee bids and 826 underbids from online bidders, and

B.　　The October 26, 2019 online auction sale of the Personal Collection and Remaining Personal Property in which 458 items were sold, had 56,976 webpage views, 54,743 visitors that viewed the online catalog, 1,799 live bids, 761 absentee bids and 1,907 underbids from online bidders.

9.　　　The Auctioneer received a significant amount of positive feedback from potential and actual buyers from the auction sale regarding its organization, presentation, the user-friendly nature of the bidding mechanism, check-out, and pick-up, and the professionalism of the Auctioneer overall.

10.　　The Auctioneer seeks reimbursement for advertisement expenses in the amount of Nine Thousand Eight Hundred Forty-Nine and 80/100 ($9,849.80). The Auctioneer estimated an advertisement budget of approximately $9,500.00 in its proposal attached as Exhibit "A" to the Trustee's Application to Employ Auctioneer to Sell Personal Collection of Antiques and Remaining Personal Property of Debtor, filed on June 5, 2019 (Doc. Id. 879) (the "Proposal"). Pursuant to the Trustee's Sale Motion and the Proposal, the Auctioneer prepared the auction brochure, newspaper and other print advertisements, emails, and targeted online advertisements which were published in and distributed to a number of locations and mailed to potential buyers.

An itemized list of these advertisements, copies of said advertisements, and associated invoices are attached hereto as Exhibit "E".

11.     The Auctioneer seeks reimbursement for on-site professional assistance associated with the valuation of the duck decoy and wood inventory in the amount of One Thousand Three Hundred Ninety-Nine and 08/100 ($1,399.08) Dollars. The Auctioneer estimated an advertisement budget of approximately $3,000.00 in the Proposal. Pursuant to the Trustee's Sale Motion and the Proposal, the Auctioneer consulted with Tom Riley, a known area duck decoy expert, to assess and value the duck decoy inventory and Joseph D. ReRisi of UrbanMiners, LLC, a known area wood expert, to assess and value the wood inventory. Documentation supporting this reimbursement request is attached hereto as Exhibit "F".

12.     The Auctioneer seeks reimbursement for its credit card processing fees, which were incurred when buyers did not submit credit card payments directly through LiveAuctioneer's mechanism and are assessed at 2.5% of the sale price, in the amount of One Thousand Nineteen and 35/100 ($1,019.35) Dollars. The Auctioneer provided that these credit card processing fees were to be determined in the Proposal. Documentation supporting this reimbursement request is attached hereto as Exhibit "G".

13.     The Auctioneer seeks reimbursement for LiveAuctioneers' 5% commission for the total sales outside its payment mechanism in the amount of Three Thousand Four Hundred Seven and 00/100 ($3,407.00) Dollars. The Auctioneer provided that LiveAuctioneers' fees were to be determined based on the sale results in the Proposal. LiveAuctioneers retained a 5% commission in the amount of $3,036.50 and 2.8% credit card processing fee in the amount of $2,106.91 from the gross sale receipts paid through its payment mechanism, as more fully described in the Auctioneer's Report of Sale filed simultaneously herewith. Pursuant to the Trustee's Sale Motion and the Proposal, the Auctioneer utilized LiveAuctioneers as the platform to conduct the auction

sale and was also able to utilized LiveAuctioneers' extensive targeted mailing list to advertise the sale. Documentation supporting this reimbursement request is attached hereto as Exhibit "H".

14.     The Auctioneer seeks reimbursement for the purchase of its bond for this sale in the amount of One Thousand Six Hundred Sixty-Five and 00/100 ($1,665.00) Dollars. The Auctioneer estimated that the bond fee would be $1,650.00 in the Proposal. Documentation supporting this reimbursement request is attached hereto as Exhibit "I".

15.     The Auctioneer seeks reimbursement for initial land clearing work in the amount of Four Hundred Forty-Six and 40/100 ($446.40) Dollars. The Auctioneer estimated an initial land clearing budget of $650.00 in the Proposal. Although the Proposal stated initial land clearing work would need to be done at the Bacon Pond Road site only, all asset sites required this work to make them accessible and sale ready. Pursuant to the Trustee's Sale Motion and the Proposal, the Auctioneer hired PMK Enterprise to clear the land on all asset sites. Documentation supporting this reimbursement request is attached hereto as Exhibit "J".

16.     The Auctioneer seeks reimbursement for storage containers placed on-site in the amount of One Thousand Eighty-Seven and 66/100 ($1,087.66) Dollars. The Auctioneer estimated a storage container budget of $2,000.00 in the Proposal. Pursuant to the Trustee's Sale Motion and the Proposal, the Auctioneer obtained storage containers from Eagle Leasing, which were placed on-site and used to expand the setup area, organize the items to be sold, and create an optimal presentation for cataloging and inspection by potential buyers. Documentation supporting this reimbursement request is attached hereto as Exhibit "K".

17.     The Auctioneer seeks reimbursement for gas and travel expenses in the amount of One Thousand One Hundred Thirty-Two and 97/100 ($1,132.97) Dollars. The Auctioneer estimated a gas and travel expensed cost of $1,250.00 in the Proposal. Pursuant to the Trustee's Sale Motion and the Proposal, there were multiple asset location sites which required travel back

and forth to effectuate the sale. Documentation supporting this reimbursement request is attached hereto as Exhibit "L".

18.     The Auctioneer seeks reimbursement for labor associated with the sale in the amount of Twenty-One Thousand Seven Hundred Fifty-Eight and 75/100 ($21,758.75) Dollars. The Auctioneer estimated a total labor cost of $18,150.00 in the Proposal. Pursuant to the Trustee's Sale Motion and the Proposal, due to the overgrown asset sites, multiple asset site locations, and disorganized nature of the Assets themselves, the Auctioneer spent a significant amount of time cleaning, organizing, inventorying, moving, and otherwise preparing the Asset sites and Assets to make them presentable for cataloging and sale. The Auctioneer prepared the auction catalog and managed the auction listing on LiveAuctioneers. The Auctioneer was present for two days of inspection to assist potential buyers and for numerous days after the sale to assist buyers with pickup. Further, the Auctioneer was required to take possession, store, and relocate to the Asset sites the seven Tuttle Antiques from Maine, as well as inventory and move numerous items disputed as property of the estate by the Debtor, which required the Auctioneer to make numerous additional trips to the asset sites which were not anticipated at the time the Proposal was prepared. Additionally, due to the Debtor's lack of response with regard to various obstructions at the asset sites, the Auctioneer was required to delay, reschedule and reconfigure pre-auction set-up in order to properly effectuate the auction sale.  Documentation supporting this reimbursement request is attached hereto as Exhibit "M".

19.     The Auctioneer seeks reimbursement for equipment repair and equipment rental in the amount of Six Thousand One Hundred Ninety-Five and 01/100 ($6,195.01) Dollars. This expense was not contemplated in the Proposal. However, this expense was necessary as the repairs done to the equipment to be sold enabled the Auctioneer to utilize the equipment in auction preparation and conclusion activities, such as land clearing and asset relocation, and thereafter increased their auction value. Additionally, the Auctioneer was required to rent other equipment

for these described activities as some of the equipment on-site was not in good running condition and the Auctioneer did not have access to the keys or equipment itself for some length of time. For example, the skid steer was removed by a third-party associate of the Debtor for personal use before the Auctioneer came on-site to prepare for the sale and it was not located, despite repeated requests as to its location by the Auctioneer and Trustee, for some time, after which it was returned with no explanation with no keys and not in running condition. Documentation supporting this reimbursement request is attached hereto as Exhibit "N".

20.     The Auctioneer is not seeking reimbursement for thirty-six (36) months of storage fees incurred by the estate for the storage of 113 unsold items from the 2016 auction sale, which totals $7,740.00. A letter from the Auctioneer estimating this fee is attached hereto as Exhibit "O".

21.     The Auctioneer believes it provided services that were reasonably likely to benefit the Debtor's estate or necessary to the administration of the case which have not been duplicated and further conducted itself in excess of the requirements of the United States Bankruptcy Code and any corresponding local rules to provide services to adequately and exceptionally address the extraordinary circumstances of this case.

22.     There are numerous remaining assets, which are those items that the Debtor disputes are not property of the bankruptcy estate or are exempt from the bankruptcy estate and those items which the Debtor or an associate of the Debtor has moved to undisclosed locations or are unaccounted for as well as the items unsold from this last auction sale. A list of unsold items and items with outstanding invoices for which there were winning bids, but said buyers did not consummate the sales, is attached hereto as Exhibit "P".

23.     The Trustee has informed the Auctioneer that if she is unable to reach a compromise with the Debtor, through counsel, as to the disposition of these remaining assets, that pursuant to the Order on the Trustee's Sale Motion, the Auctioneer will need to schedule and notice a subsequent public auction of the remaining assets.

**WHEREFORE,** the Auctioneer seeks an order of this Court permitting the Trustee to pay the commission of $19,173.25 and expenses totaling $47,961.02 from the Estate to the Hamilton Group, LLC for its services and expenses in connection with the sale of the Assets.

Dated at Clinton, Connecticut this 26th day of November, 2019.

> THE HAMILTON GROUP, LLC
> Court Appointed Auctioneer for the
> Bankruptcy Estate of Harold E. Cole
>
> By
>
> Michael Knudsen, Principal
> The Hamilton Group, LLC
> 36 Killingworth Turnpike, Route 81
> Clinton, CT 06413
> Tel No. (860) 552-4609
> Email: mike@hamilton-grp.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

IN RE:                                          )            CHAPTER 7
                                                )
HAROLD E. COLE                                  )            CASE NO. 10-50091(JAM)
            Debtor                              )
_____)

### ORDER APPROVING INTERIM APPLICATION BY AUCTIONEER FOR COMPENSATON AND REIMBURSEMENT OF EXPENSES

After due notice to parties in interest as directed in the Court's order heretofore entered, there came on for hearing the Interim Application by Auctioneer for Compensation and Reimbursement of Expenses. After considering the Application and any timely filed objections, and finding that said fees and expenses are reasonable and necessary and are a benefit to the bankruptcy estate based on the totality of the facts and circumstances in this case, it is hereby

**ORDERED** that the Trustee is authorized to pay from the buyer's premiums the sum of $19,173.25 to The Hamilton Group, LLC for services rendered by The Hamilton Group, LLC, as well as $47,961.02 for reimbursement of its expenses in connection with the public auction sale of certain assets located at two of the Debtor's properties in Woodbury, Connecticut, which were among the assets of the Debtor's bankruptcy estate and more fully described in the Application upon the entry of this Order, subject to adjustment and disgorgement.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
┌──────────────────────┐
│    EXHIBIT           │
│  tabbies             │
│        A             │
└──────────────────────┘
```

IN RE:                        )          CHAPTER 7
                              )
HAROLD E. COLE                )          CASE NO. 10-50091 (JAM)
              Debtor          )
                              )          RE: ECF NO. 879
_____)

## ORDER AUTHORIZING EMPLOYMENT OF AUCTIONEER TO SELL PERSONAL COLLECTION OF ANTIQUES AND REMAINING PERSONAL PROPERTY OF DEBTOR

**CAME ON FOR CONSIDERATION** the Application of Kara S. Rescia, Trustee in the above case, seeking authority to employ The Hamilton Group, LLC as auctioneer to sell property of the estate at the commission set forth in the Application plus reasonable expenses; and it appearing that said professional is qualified to provide such professional service and does not represent any interest adverse to the estate and after review of the original bond in the amount of $312,500.00, which exceeds twenty five percent of the estimated value of the property to be sold pursuant Local Bankr. R. 6005-1, and after the hearing held on July 16, 2019 and July 30, 2019; it is

**ORDERED**, that Kara S. Rescia, as Trustee, is hereby authorized to expand the employment of The Hamilton Group, LLC as auctioneer to sell the remaining bankruptcy estate assets, which consist of the estate's interest in the following: property located at 27 Middle Quarter Road, Woodbury, including the residence, shop, and outbuildings, more specifically described as assets in the large red barn located behind the residence of the Debtor, Harold E. Cole, remaining assets in the Debtor's office, selected items in the Debtor's residence, lawn and garden ornamentation, a certain Kubota tractor, and a certain storage trailer; pieces of antique lumber, including doors, mantles, and handles, various pieces of machinery and material handling equipment, and various stones located on the parcel of the Debtor at the corner of Bacon Pond Road, Woodbury, Connecticut and

645 Main Street South, Woodbury, Connecticut (collectively the "Ramase Assets"); antiques and architectural pieces in the basement storage below Market Place Kitchen & Bar, located at 641 Main Street South, Woodbury, Connecticut; as well as 113 certain antique pieces that did not sell at or went unclaimed from the previous Trustee's public sale of antiques, which are still in the possession of the Hamilton Group, LLC, located in Clinton, Connecticut; and seven certain other antiques, as more particularly set forth in the Trustee's Motion for Authority to Compromise filed simultaneously herewith, the Debtor co-owns with Kenneth E. Tuttle Antiques, Inc., located in Pittston, Maine (the "Tuttle Antiques") (all assets under this paragraph are hereinafter referred to as the "Remaining Personal Property"), and to perform all necessary services as auctioneer; and it is further

**ORDERED**, that said auctioneer shall, after filing its application for compensation and request for reimbursement and after notice and hearing, be awarded compensation plus reimbursement of reasonable expenses subject to review and final determination by the Court pursuant to 11 U.S.C. Sections 330 and 331 and Local Bankr. R. 6005-1.

Dated at Bridgeport, Connecticut this 30th day of July, 2019.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut

The Hamilton Group LLC

36 Killingworth Turnpike
Clinton, CT 06413

Phone #    860-552-4609        mike@hamilton-grp.com
Fax #      203-643-2285        www.hamilton-grp.com



**EXHIBIT**

tabbies®

B

**Invoice**

| Date | Invoice # |
| --- | --- |
| 11/21/2019 | 4192 |

| Terms |
| --- |
|  |

**Bill To**

Kara S. Rescia, Esq.
Rescia Law, P.C.
5104A Bigelow Commons
Enfield, CT 06082

| Quantity | Description | Rate | Amount |
| --- | --- | --- | --- |
| 1 | 15% Buyers Premium Day 1 Sales | 7,075.00 | 7,075.00 |
| 1 | 15% Buyers Premium Day 2 Sales | 12,098.25 | 12,098.25 |
| | | **Total** | **$19,173.25** |

The Hamilton Group LLC

36 Killingworth Turnpike
Clinton, CT 06413

| Phone # | 860-552-4609 | mike@hamilton-grp.com |
| Fax # | 203-643-2285 | www.hamilton-grp.com |



**EXHIBIT**



| Date | Invoice # |
|---|---|
| 11/21/2019 | 4191 |

| Terms |
|---|
| |

**Bill To**

Kara S. Rescia, Esq.
Rescia Law, P.C.
5104A Bigelow Commons
Enfield, CT 06082

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| | Reimbursing Of Advertisement Expenses | 9,849.80 | 9,849.80 |
| | Reimbursing Of Labor | 21,758.75 | 21,758.75 |
| | Reimbursing Of Expenses: Decoy & Wood Professional Assistance | 1,399.08 | 1,399.08 |
| | Reimbursing Of Expenses:Credit Card Processing Fees | 1,019.35 | 1,019.35 |
| | Reimbursing Of Expenses: Liveauctioneers Fees | 3,407.00 | 3,407.00 |
| | Reimbursing Of Expense: Bond | 1,665.00 | 1,665.00 |
| | Reimbursing Of Expenses: Initial Clearing Land At Bacon Pond Road | 446.40 | 446.40 |
| | Reimbursing Of Expenses: Eagle Leasing Storage Boxes | 1,087.66 | 1,087.66 |
| | Reimbursing Of Expenses: Gas Expenses / Travel | 1,132.97 | 1,132.97 |
| | Reimbursing Of Expenses: Repairs & Equipment Rental | 6,195.01 | 6,195.01 |

| | Total | $47,961.02 |
|---|---|---|

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

**EXHIBIT**

tabbies®

1

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| HAROLD E. COLE | ) CASE NO. 10-50091(JAM) |
| Debtor | ) |
| | ) NOVEMBER 22, 2019 |

### AFFIDAVIT OF AUCTIONEER

I, **MICHAEL KNUDSEN**, being duly sworn, depose and say:

1.  I am a principal in The Hamilton Group, LLC and my business is located at 36 Killingworth Turnpike, Route 81, Clinton, Connecticut.

2.  I am making this Affidavit in connection with the Application by Auctioneer for Compensation and Reimbursement of Expenses that The Hamilton Group, LLC is filing in connection with this case.

3.  I, **MICHAEL KNUDSEN** have been engaged in the auctioning business for a considerable number of years, and I am an experienced auctioneer who has been approved by the court to serve as an auctioneer in other bankruptcy proceedings then pending in this jurisdiction.

4.  I swear and attest to the expenses and necessity for such as specifically set forth in the Application by Auctioneer for Compensation and Reimbursement of Expenses.

5.  I have attached all vouchers, invoices, receipts, and other supporting documentation, as well as copies of all advertisements to the Application by Auctioneer for Compensation and Reimbursement of Expenses in support thereof.

6.  My company and any assistants that we hired have no connection with the debtor, the creditors, or any party in interest, or their respective attorneys, and we represent no

interest adverse to the Trustee or the estate in connection with this matter.

Dated at Clinton, Connecticut this 22nd day of November, 2019.

Michael J. Kl
MICHAEL KNUDSEN

STATE OF CONNECTICUT    :
                        :   ss.   Clinton .
COUNTY OF Middlesex

Personally appeared, Michael Knudsen, signer and sealer of the foregoing affidavit, who made oath to the truth of the statements contained therein, before me this 22 day of November, 2019.

Notary Public/Commissioner of the Superior Court

JENNIFER L. WOLFER
NOTARY PUBLIC
MY COMMISSION EXPIRES JUNE 30, 2023

