**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| HAROLD E. COLE | ) | CASE NO. 10-50091 (JAM) |
| Debtor | ) | |
| | ) | JULY 29, 2020 |

### DEBTOR'S MOTION TO REMOVE CHAPTER 7 BANKRUPTCY TRUSTEE

Harold E. Cole, the Debtor in the above-captioned matter (the "Debtor"), respectfully requests the removal of Kara S. Rescia, Esq., Chapter 7 Trustee of the Bankruptcy Estate of Harold E. Cole (the "Trustee") pursuant to 11 U.S.C. § 324 and respectfully requests that a new Trustee be assigned pursuant to 11 U.S.C. § 703.

I. **LEGAL STANDARD**

As this Court is aware, the standard for the grant or denial for the removal of a Chapter 7 Bankruptcy Trustee is well-settled in this District and the Second Circuit Court of Appeals. *See e.g.* In Re Lundborg, 110 B.R. 106, 108 (1990), where the Court defined the applicable standard: "Code § 324(a) provides that "'[t]he court, after notice and a hearing, may remove a trustee ... for cause.' Cause, which is not defined by the Code, must be determined by courts on an ad hoc basis."

"Cause has been found to exist, inter alia, where the trustee is not disinterested . . . and where the trustee fails to perform his or her duties . . . or unreasonably delays in the performance of those duties" (citations omitted) Id. "In general, a party seeking the removal of a trustee must prove that there has been some actual injury or fraud" (citations omitted). "A trustee should not be removed for mistakes in judgment where that judgment was discretionary and reasonable under the circumstances . . . and courts should consider the best interests of the estate, rather than

those of a single movant-creditor, when determining whether to remove a trustee" (citations omitted)  Id.

## II. ARGUMENT

When the Court applies the above-referenced standard to the facts in the instant case, it becomes clear that the Chapter 7 Bankruptcy Trustee should be removed.

On January 15, 2010, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.  On February 5, 2015, the case was converted to Chapter 7 and Kara S. Rescia was duly appointed the Chapter 7 Trustee and is currently serving in that capacity.  The following is an illustrative, but not exclusive, list of actions taken or not taken by the Chapter 7 Bankruptcy Trustee which would warrant her immediate removal.

1. The Chapter 7 Bankruptcy Trustee took possession of $1,000.00, which the Debtor later learned was included on his Schedule C – Property Listed as Exempt, closing the Debtor's checking account and impairing his ability to operate his business and support himself.

2. During the course of the Chapter 7 proceeding, the Trustee sold real estate known as 35 Joshua Hill Road, Woodbury, Connecticut substantially below the market price and potentially without proper advertising, thereby damaging and injuring the Debtor.

3. The Trustee failed to provide requested information regarding the sale of the real estate that would have made it possible for the Debtor to solicit other buyers.

4. The realtor selected by the Trustee failed to provide requested information regarding the sale of the real estate when the Debtor's daughter called to request it that would have made it possible for the Debtor to solicit other buyers.

5. The Trustee sold real estate known as 35 Joshua Hill Road, Woodbury, Connecticut without safeguarding business inventory and equipment of Debtor's business property, known as

the RAMASE property, located thereon.  As a result, the Debtor suffered significant financial damages and losses.

      6.  The Trustee appears to have relied on information regarding value of the RAMASE inventory in subsequent filings, that appears to have been provided by the Hamilton Group despite the in court testimony of Mike Knudsen from the Hamilton Group that they did not have any experience valuing antique building materials.

      7.  As Trustee appeared unwilling to secure the RAMASE assets, Debtor had to negotiate an arrangement to have certain assets moved after which:

      a.  Trustee would only allow them to be moved to the adjoining lot;

      b.  Trustee would not allow Debtor to sell any of the inventory even with 100% of the proceeds coming to the Bankruptcy estate;

      c.  Trustee did nothing to safeguard or preserve said assets.

      8.  Trustee took possession of exempt assets in the form of instruments necessary for Debtor's occupation.  Trustee failed to safeguard those assets

      9.  The Trustee employed Hamilton Group to liquidate the Debtor's entire antiques inventory.

      10.  Trustee chose an "expert" with substantially less experience that those provided by Debtor.

      11.  Trustee relied on an appraisal by individuals who did not have the necessary knowledge to do the appraisal despite the following information provided to the Trustee by the Debtor:

      a.  Appraisal of sample items by Thomas Schwenke – Woodbury Auctions;

    b. Skinner representative's assessment of a sample of 24-36 items found his estimates consistently higher than Glass's some 50% higher, some by a factor of 5 or 10 or more;

12. Hamilton Group took items not part of the bankruptcy estate. Even after notice, they sold these items.

13. Trustee used these vendors again despite unprofessional behavior exhibited during the first sale including but not limited to:

    a. substantially exceeding their fee estimate and industry standard negatively impacting the Bankruptcy Estate;

    b. printing a catalog that had no spaces between words, inaccurate descriptions including misrepresentation of age and photos taken on a wrinkled sheet when vendors recommended by Debtor run with professional part color catalogs with accurate descriptions by industry experts ;

    c. having little to no online sales experience;

    d. the auctioneer entering into a derogatory monologue about one of the Lombard stand(s), one of the more important pieces in the sale, discouraging bidder interest;

    e. selling in one sale what should have been broken up into two to three sales by a gallery of their level (only the very top galleries with huge followings do this successfully);

    f. refusing to use pre-auctions estimates provided by Debtor and his business partner, Bettina Kranin;

    g. ignoring Debtor's concern that auction buyers tend to pay what they are **told** something is worth, so it is very important to present accurate market value estimates. After the first sale Debtor provided an example of the outcome of three items appraised by the Hamilton Group at $1,400.00, sold by them for $1,650 to the Debtor who sold them the next day to another dealer for $12,500.00, nearly 10 times what the Hamilton Group represented as market value;

    h. the Hamilton Group asking that estate pay experts to overcome their lack of experience with duck decoys even though they appraised ducks in the first sale;

    i. the Hamilton Group ignoring price tags on the inventory they were selling despite Debtor's sixty plus years of experience.

    14. On or about January 9, 2017, after triple checking the amount needed, Debtor's daughter obtained a lending commitment from Sachem Capital Partners for the $180,000.00 that the Trustee represented was needed to close the Chapter 7. Debtor's daughter also obtained a lending commitment from Sachem Capital Partners for funds needed to bring property tax current and pay all lien holders. To facilitate closing, Debtor's daughter requested a Court approved statement of what was due from the Trustee to assure the properties would transfer to lender simultaneous to closing. After receiving the Commitment Letter, the Trustee increased the settlement amount by $40,000.00. When for months the Trustee refused to provide a Court approved final statement, her increase of $40,000.00 plus the increase in taxes due and the interest lending needs exceeded collateral and the lender was forced to withdraw their commitment.

    15. Throughout the Chapter 7, Trustee has refused to provide detailed and accurate financial statements of the bankruptcy estate. Debtor has received one incomplete statement that did not add correctly and one marked up in a sloppy manner.

    16. Had Trustee worked with the Debtor to select an appropriate expert to liquidate his assets including but not limited to Bruce Gamage or Julia's, investigated Debtor's concerns about a lack of advertising of his real estate, safeguarded the assets of Debtor's business RAMASE or worked with Debtor to secure the Sachem lending Chapter 7 could have been closed prior to the end of 2015 and Debtor would have been assured an excess estate.

17. Debtor respectfully submits the aforementioned actions have greatly prolonged his Chapter 7 and caused severe negative financial impact to Debtor and severe emotional pain and suffering to Debtor, his business partner and his daughter.

**WHEREFORE**, Applicant prays that Kara S. Rescia, Esq. be removed as Trustee of the Bankruptcy Estate of Harold E. Cole and a new Trustee be appointed.

        Harold E. Cole

By:   /s/ Neal P. Rogan
Neal P. Rogan (ct13602)
Law Offices of Neal Rogan, LLC
315 Post Road West
Westport, CT 06880
(t) (203) 341-8783
(f) (203) 341-8560 fax
neal@nealrogan.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| HAROLD E. COLE ) | CASE NO: 10-50091 (JAM) |
|       Debtor ) | |
| ) | JULY 29, 2020 |

### PROPOSED ORDER AUTHORIZING REMOVAL OF TRUSTEE

**CAME ON FOR CONSIDERATION** the motion of Harold E. Cole, Debtor in the above case, seeking relief by the removal of the Kara S. Rescia, Esq. as Trustee of his Bankruptcy Estate.

**ORDERED**, that Kara S. Rescia, Esq. be removed as the Trustee of the Bankruptcy Estate of Harold E. Cole for cause pursuant to 11 U.S.C. Section 324.

**ORDERED**, that the Bankruptcy Estate of Harold E. Cole be referred to the U.S. Trustee to appoint an interim Trustee to manage the estate until a permanent Trustee can be assigned or to serve as Trustee in this case pursuant to 11 U.S.C. Section 703.

                                              Harold E. Cole

By:    /s/ Neal P. Rogan
        Neal P. Rogan (ct13602)
        Law Offices of Neal Rogan, LLC
        315 Post Road West
        Westport, CT 06880
        (t) (203) 341-8783
        (f) (203) 341-8560 fax
        neal@nealrogan.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| HAROLD E. COLE ) | CASE NO. 10-50091 (JAM) |
| Debtor ) | |
| ) | JULY 29, 2020 |

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on July 23, 2020 in accordance with Rules 7004, 7005 and 9014 F.R.Bank.P., I served the following on the parties listed below:

Kara S. Rescia, Esq.
Rescia Law, P.C.
5104A Bigelow Commons
Enfield, CT 06082

Office of the United States Trustee
Giaimo Federal Building
150 Court Street
Room 302
New Haven, CT 06510

Art Pappas
P.O. Box 335
Woodbury, CT 06798

Counsel to Susan Balutis
David M. S. Shaiken, Esq.
Shipman, Shaiken & Schwefel, LLC
433 South Main Street
Suite 319
West Hartford, CT 06110
david@shipmanlawct.com

Counsel to Donna Lee Hamilton
Lorrain & Patricia Stauble
Douglas M. Evans, Esq.
Kroll, McNamara, Evans & Delehanty, LLP
65 Memorial Road
Suite 300
West Hartford, CT 06107
bankr@kmelaw.com

John A. Lovetere
Executor of the Estate of Nancy Lovetere
Denise M. Cloutier, Esq.
William C. Franklin, Esq.
Thomas W. Mott, Esq.
Cramer & Anderson, LP
P.O. Box 278
Litchfield, CT 06759-0278

United States Internal Revenue Service
Christine Sciarrino
Assistant United States Attorney
U.S. Attorney's Office
915 Lafayette Boulevard
Room 309
Bridgeport, CT 06604

Counsel to Maryellen & Roger Simon
Daniel C. Burns, Esq.
Berdon, Young & Margolis, P.C.
132 Temple Street
New Haven, CT 06510

<u>Counsel to Henry Hart</u>
Anita C. DiGioia, Esq.
acd@digiolaw.com

Gregg D. Adler, Esq.
Livingston, Adler, Pilda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922

<u>State of Connecticut Department of Revenue Services</u>
Maria A. Santos
Assistant Attorney General
P.O. Box 120
55 Elm Street, 4th Floor
Hartford, CT 06141-0120
Maria.santos@ct.gov

<u>Counsel to US Bank Trust, NA</u>
Stephanie Emma Babin, Esq.
sbabin@sassoncymrot.com
Aaron A. Fredericks, Esq.
afrederics@sassooneymrot.com

Paige Vaillancourt, Esq.
Rescia Law, P.C.
5104A Bigelow Commons
Enfield, CT 06082

<u>Hunt Liebert Jackson, P.C.</u>
Linda St. Pierre, Esq.
50 Weston Street
Hartford, CT 06120

<u>HSBS Bank, USA NA</u>
Tracy F. Allen, Esq.
bkeef@bmpc-law.com

<u>Counsel to BTJ, Inc.</u>
Douglas J. Lewis, Esq.
Lewisdouglas74@yahoo.com

<u>Counsel to Robert Lord</u>
Ellery E. Plotkin, Esq.
eplotkinjd@aol.com

/s/ Neal P. Rogan
Neal P. Rogan, Esq.