**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | Chapter 7 |
| **HAROLD E. COLE,** | Case No. 10-50091 (JAM) |
| **Debtor.** | |

**UNITED STATES TRUSTEE'S RESPONSE TO THE**
**DEBTOR'S MOTION TO REMOVE TRUSTEE**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), through counsel, files this response to Motion to Remove Trustee ("Motion") filed by debtor Harold Cole ("Debtor") seeking to remove Kara Rescia as chapter 7 trustee of the Debtor's case ("Motion to Remove") (ECF 1096). In support of this response, the United States Trustee, through his undersigned counsel, states as follows:

**I.      BACKGROUND**

*Chapter 11*

1.      The Debtor filed a voluntary chapter 11 case on January 15, 2010. ECF 1.  The firm of Zeldes Needle and Cooper was employed as Debtor's counsel. ECF 50.

2.      At the commencement of his chapter 11 case, the Debtor was a self-employed antiques dealer who owned considerable antiques, as well as real estate in Connecticut and Maine.  ECF 42, 52, 59, and 161.  The Debtor's sources of income were (a) sale of antiques, (b) a woodworking business, and (c) social security. ECF 44; 128.

3.      On October 2, 2013, the Debtor confirmed a plan. ECF 379.

4.      On February 5, 2015, the Court granted a creditor's motion to convert the Debtor's case to chapter 7 for failure to make Plan payments and entered an order converting the Debtor's case to chapter 7. ECF 494.

5.      On February 5, 2015, Kara Rescia was appointed as chapter 7 trustee ("Trustee Rescia"). *Id.*

### *Chapter 7*

6.      The Motion to Remove lists a litany of actions taken by Trustee Rescia relating to the sale of the Debtor's real and personal property that the Debtor alleges were improper or ineffective and/or damaging to the Debtor and his family. ECF 1096.  The Motion to Remove references actions that were taken as far back as 2016 and continue to the present day. *Id.* The Motion to Remove does not appear to disclose that the Court approved many of the actions taken by Trustee Rescia and that the Debtor's efforts to oppose certain actions were overruled and rejected by the Court. *Id.*

**7.**      The Debtor has not yet received his discharge.

## II.     RESPONSE

Section 324 of the Bankruptcy Code governs removal of a trustee. "The court, after notice and a hearing, may remove a trustee, other than the United States trustee, for cause." 11 U.S.C. § 324(a). "Cause, which is not defined by the Code, must be determined by courts on an *ad hoc* basis." *In re Lundborg*, 110 B.R. 106, 108 (Bankr. D. Conn. 1990, Shiff, J.). "It is well established that 'cause' may include trustee incompetence, violation of the trustee's fiduciary duties, misconduct or failure to perform the trustee's duties, or lack of disinterestedness or holding an interest adverse to the estate." *In re AFI Holding, Inc.*, 530 F.3d 832, 845 (9th Cir. 2008).

The Second Circuit has stated that, "[i]n defining "cause" for removal, [w]e have traditionally stressed the elements of fraud and actual injury to the debtor interests." *Dieffenbach v. Haworth (In re Haworth)*, 365 Fed. Appx. 529, 530 (2d. Cir 2009) (*quotations omitted; citations omitted*). Cause must be supported by specific facts, and the party seeking removal has the burden to prove them. *In re AFI Holding, Inc.*, 530 F.3d at 845. Trustees are "granted wide authority and discretion regarding his chosen methods of administering the assets of an estate, including his decisions regarding whether assets are worth liquidating and whether litigation is worth pursuing." *In re Carvalho*, 578 B.R. 1, 11 (Bankr. D. D.C. 2017). Removal is not warranted if a trustee's exercise of business judgment was discretionary and reasonable under the circumstances. *Id. (citation omitted).* In addition, courts should consider whether the administration of the estate would suffer from a change of administration necessitated by removal of the trustee. *See, e.g., In re Freeport Italian Bakery, Inc.*, 340 F.2d 50, 55 (2d Cir. 1965). Because removal from one case results in a trustee's removal from all cases in which the trustee serves, removal under Section 324 "is a powerful device, to be deployed only in the most severe of cases*." In re Belmonte*, 524 B.R. 17, 28 (Bankr. E.D.N.Y. 2015).

The Debtor has the burden to demonstrate that there is a basis for the removal of Trustee Rescia as the Chapter 7 trustee of Debtor's bankruptcy estate. The Motion to Remove, however, lacks evidence supporting the allegations and contains allegations about conduct that, in certain instances, has been authorized by various orders entered by the Court. The burden to

demonstrate that removal is appropriate is a difficult one and does not appear to have been met by the contents of the Motion to Remove.

Dated:  August 31, 2020  　　　　　　　　　Respectfully submitted,
　　　　　New Haven, Connecticut

                                      WILLIAM K. HARRINGTON
                                      UNITED STATES TRUSTEE FOR REGION 2

                        By:    /s/ Holley L. Claiborn
                              Holley L. Claiborn ct17216
                              Trial Attorney
                              Office of the United States Trustee
                              Giaimo Federal Building, Room 302
                              150 Court Street
                              New Haven, CT 06510
                              (203) 773-2210

## **CERTIFICATE OF SERVICE**

This certifies that a copy of the foregoing was served on all parties listed below on August 31, 2020 via the Electronic Case Filing System maintained by this Court as noted below:

**Gregg D. Adler, Jr. on behalf of Creditor Susan Balutis**
**gdadler@lapm.org**

**Tracy F. Allen on behalf of Creditor HSBC Bank, USA, N.A.**
**BKECF@bmpc-law.com**

**Gregory F. Arcaro on behalf of Creditor Donna Lee Hamilton Lorraine**
**garcaro@grafsteinlaw.com**, **5806@notices.nextchapterbk.com**

**Gregory F. Arcaro on behalf of Creditor Patricia Stauble**
**garcaro@grafsteinlaw.com**, **5806@notices.nextchapterbk.com**

**Stephanie E. Babin on behalf of Creditor MTGLQ Investors, LP as serviced by Rushmore Loan Management Services**
**SBabin@DHNewEngland.com**,
**Bankruptcy@DHNewEngland.com;RDemerle@DHNewEngland.com;sbabinecf@gmail.com**

**Stephanie E. Babin on behalf of Creditor U.S. Bank Trust, NA, as Trustee of the Bungalow Series III Trust as serviced by BSI Financial Services**
**SBabin@DHNewEngland.com**,
**Bankruptcy@DHNewEngland.com;RDemerle@DHNewEngland.com;sbabinecf@gmail.com**

**Anita C. DiGioia on behalf of Defendant Henry Hart**
**acd@digioialaw.com**

**Douglas M. Evans on behalf of Creditor Donna Lee Hamilton Lorraine**
**bankr@kmelaw.com**

**Douglas M. Evans on behalf of Creditor Patricia Stauble**
**bankr@kmelaw.com**

**Aaron A. Fredericks on behalf of Creditor U.S. Bank Trust, NA, as Trustee of the Bungalow Series III Trust as serviced by BSI Financial Services**
**AFredericks@SassoonCymrot.com**, **bankruptcy@sassooncymrot.com**

**Thomas A. Kaelin on behalf of Creditor Town of Woodbury**
**tkaelin@kaelinlaw.com**

**Douglas J. Lewis on behalf of Interested Party B T J, INC.**

lewisdouglas74@yahoo.com

**Stuart A. Margolis on behalf of Creditor Maryellen Simon**
stuart.margolis@bymlaw.com

**Stuart A. Margolis on behalf of Creditor Roger Simon**
stuart.margolis@bymlaw.com

**Maximino Medina, Jr. on behalf of Plaintiff Harold E. Cole**
mmedina@znclaw.com

**Thomas W. Mott on behalf of Creditor Estate of Nancy Lovetere**
tmott@lmzlegal.com

**Thomas W. Mott on behalf of Creditor John A. Loveter, Executor of the Estate of Nancy D. Lovetere**
tmott@lmzlegal.com

**Thomas W. Mott on behalf of Creditor John A. Lovetere**
tmott@lmzlegal.com

**Thomas W. Mott on behalf of Creditor John A. Lovetere, Executor**
tmott@lmzlegal.com

**Kara S Rescia on behalf of Trustee Kara S. Rescia**
kara@ctmalaw.com, jenn@ctmalaw.com;paige@ctmalaw.com

**Kara S. Rescia**
court@ctmalaw.com, CT23@ecfcbis.com;jenn@ctmalaw.com

**Kara S. Rescia on behalf of Accountant Blum Shapiro & Co. P.C.**
court@ctmalaw.com, CT23@ecfcbis.com;jenn@ctmalaw.com

**Kara S. Rescia on behalf of Appraiser Robert Glass Auctions, LLC**
court@ctmalaw.com, CT23@ecfcbis.com;jenn@ctmalaw.com

**Kara S. Rescia on behalf of Auctioneer The Hamilton Group, LLC**
court@ctmalaw.com, CT23@ecfcbis.com;jenn@ctmalaw.com

**Kara S. Rescia on behalf of Trustee Kara S. Rescia**
court@ctmalaw.com, CT23@ecfcbis.com;jenn@ctmalaw.com

**Neal P. Rogan on behalf of Debtor Harold E. Cole**
neal@nealrogan.com

**Maria A. Santos on behalf of Creditor State of CT, Dept. of Revenue Services**

**maria.santos@ct.gov**

**David M. S. Shaiken on behalf of Creditor Susan Balutis**
**david@shipmanlawct.com**

**David M.S. Shaiken on behalf of Creditor Susan Balutis**
**david@shipmanlawct.com**

**Linda St. Pierre on behalf of Creditor HSBC Bank, USA, N.A.**
**bankruptcyecfmail@mccalla.com**,
**Linda.St.Pierre@mccalla.com;mccallaecf@ecf.courtdrive.com**

**Paige M. Vaillancourt on behalf of Trustee Kara S. Rescia**
**paige@ctmalaw.com**, **kara@ctmalaw.com;jenn@ctmalaw.com**

                                              /s/ Holley L. Claiborn
                                              Holley L. Claiborn