**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
|  | ) |  |
| HAROLD E. COLE | ) | CASE NO. 10-50091 (JAM) |
| Debtor | ) |  |
|  | ) | JANUARY 29, 2021 |

**DEBTOR'S MEMORANDUM OF LAW IN OPPOSITION TO UNITED STATES TRUSTEE'S RESPONSE AND THE CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S SECOND AMENDED MOTION TO REMOVE CHAPTER 7 BANKRUPTCY TRUSTEE**

TO THE HONORABLE JULIE A. MANNING, United States Chief Bankruptcy Judge:

Now comes Harold E. Cole, the Debtor in the above-entitled matter, and provides to this Court a Memorandum of Law in Opposition to the United States Trustee's Response and the Chapter 7 Bankruptcy Trustee's Objection to Debtor's Second Amended Motion to Remove Chapter 7 Bankruptcy Trustee dated August 31, 2020 (#1100) and in support thereof represents the following.  As of the date of the filing of the instant memorandum of Law, The Debtor, Harold Cole, has filed A Third Amended Motion to Remove the Chapter 7 Bankruptcy Trustee. Said motion was filed on January 21, 20121 and bears docket entry number 1186. The Third Amended Motion to Remove the Chapter 7 Bankruptcy Trustee, contains addition factual allegations that demonstrate actual injury to the Debtor, Harold Cole and speaks directly to the issue of Standing raised by this Court and the respective trustees named above.  All future references to the Debtor's Second Amended Motion to Remove the Chapter 7 Bankruptcy Trustee are hereby intended to include both the Second and Third Motions to Remove the Bankruptcy Trustee as the Chapter 7 Bankruptcy Trustee or The United States Trustee have not as of this date posited a response or an objection to the debtor's Third Amended Motion.

I. **FACTUAL BACKGROUND**:

Both the Court and the Trustees have raised as issues whether the Debtor, Harold E. Cole, has standing to seek the removal of the Chapter 7 Trustee for cause and that the Debtor has not established same.  As the Court is fully aware, the Court has not yet heard the Debtor's Second Amended Motion to Remove Chapter 7 Bankruptcy Trustee (#1096) for cause or any other subsequent filing relative to the issue of Removal.

II. **LEGAL STANDING**:

The definition of legal standing before the Court is sufficiently raised in Title 28 § 1654, the relevant statute that raises the issue of standing, and it reads in relevant part: "In all courts of the United States the parties plead and conduct their own case personally or by counsel, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  That statute is also cited in the seminal case of *In Re: Wolford G. Lundborg, Jr., Debtor, 110 B.R. 106 (1990)*.  The significance of this statute is that it directly addresses whether or not Harold E. Cole as the Debtor has standing in which to file an Order to Show Cause to remove the bankruptcy trustee.  Clearly, under the afore-mentioned statute, Mr. Cole does have standing to seek the removal of the trustee for cause <u>even in the presence of prior orders entered by the Court</u>. (emphasis added).  The plain reason that the entry of prior orders of this Court do not stand as a procedural impediment to the issue of standing and the Motion to Remove the Chapter 7 Bankruptcy Trustee for cause is the Chapter 7 Trustee is still charged with the fiduciary duty to act in a manner consistent with the best interests of the estate and to discharge the Orders of the Court in a competent manner.  This has not been done.

The factual and legal basis for this is pursuant to U.S.C. § 324(a), which reads as follows [t]he courts after notice and a hearing may remove a trustee for cause which is not defined by the courts must be determined by the courts on an *ad hoc* basis."

And that language cited above form the gravamen of his complaints about the Chapter 7 Bankruptcy Trustee.  It is only at a hearing that Mr. Cole or his representative, Margaret Hemingway, acting through her Power of Attorney, can provide evidence either in the form of direct testimony of herself and others combined with documentary evidence to establish for the Court whether The Trustee in this Chapter 7 case should be removed for cause. The factually unique nature of the debtor's business and the scope of the operations, geographically and operationally, requires a level of expertise and knowledge on the part of the Chapter 7 Bankruptcy Trustee, which did not exist here. And as a further consequence of that lack of experience and knowledge on the part of the bankruptcy trustee, the Trustee hired people who were under her care and direction who were grossly incompetent to perform the task at hand.

Cause has been found to exist in a number of situations, the most notable being that in general, parties seeking the removal of a trustee must prove there has been some actual injury or fraud. As has been made clear in the *Lundborg* decision and its progeny, the Court must hold a hearing and allow testimony and evidence to make a factual and legal determination if the trustee should be removed for cause.

To be clear, the Debtor, Harold E. Cole, is not alleging fraud on the part of the Chapter 7 Bankruptcy Trustee.  He is alleging, as is demonstrated by the Debtor's Second Amended Motion to Remove Chapter 7 Bankruptcy Trustee (#1096), that he has suffered actual financial damage and injury because of conduct of the Chapter 7 Bankruptcy Trustee.  Pursuant to the applicable sections of the United States Bankruptcy Code, "…the Court should consider the best

interests of the estate rather than those of a single creditor or debtor in determining whether to remove a trustee for cause…."

It should be noted for the Court, that the Chapter 7 Bankruptcy trustee in her objection to debtor's motion for removal, spends a considerable amount of time and energy in deflecting the Court's attention away from her own conduct in this matter. Instead the Chapter 7 bankruptcy Trustee attempts to redirect the Court to the perpetuation yet unproven that the Debtor has engaged in conduct that is characterized as uncooperative and an attempt to delay the Chapter 7 proceedings. This theory and that is all that it is, can be proven to be demonstrably false at the appropriate juncture in the proceedings before this Court.

The issue presently before this Court is that the Debtor has not yet had an opportunity to have a hearing on his Second Amended Motion to Remove Chapter 7 Bankruptcy Trustee (#1096), and therefore, the Court has not had an opportunity to determine if the Chapter 7 Bankruptcy Trustee has failed to meet the arguably discretionary standards of the Court in determining whether to remove a Chapter 7 Bankruptcy Trustee or any trustee for cause.

                                                      Harold E. Cole

By:   /s/ Neal P. Rogan
       Neal P. Rogan (ct13602)
       Law Offices of Neal Rogan, LLC
       315 Post Road West
       Westport, CT 06880
       (t) (203) 341-8783
       (f) (203) 341-8560 fax
       neal@nealrogan.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| HAROLD E. COLE ) | CASE NO. 10-50091 (JAM) |
| Debtor ) | |
| ) | January 29, 2021 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 29, 2021 in accordance with Rules 7004, 7005 and 9014 F.R.Bank.P., I served the following on the parties listed below:

Kara S. Rescia, Esq.
Rescia Law, P.C.
5104A Bigelow Commons
Enfield, CT 06082

Office of the United States Trustee
Giaimo Federal Building
150 Court Street
Room 302
New Haven, CT 06510

Art Pappas
P.O. Box 335
Woodbury, CT 06798

Counsel to Susan Balutis
David M. S. Shaiken, Esq.
Shipman, Shaiken & Schwefel, LLC
433 South Main Street
Suite 319
West Hartford, CT 06110
david@shipmanlawct.com

Counsel to Donna Lee Hamilton
Lorrain & Patricia Stauble
Douglas M. Evans, Esq.
Kroll, McNamara, Evans & Delehanty, LLP
65 Memorial Road
Suite 300
West Hartford, CT 06107
bankr@kmelaw.com

John A. Lovetere
Executor of the Estate of Nancy Lovetere
Denise M. Cloutier, Esq.
William C. Franklin, Esq.
Thomas W. Mott, Esq.
Cramer & Anderson, LP
P.O. Box 278
Litchfield, CT 06759-0278

United States Internal Revenue Service
Christine Sciarrino
Assistant United States Attorney
U.S. Attorney's Office
915 Lafayette Boulevard
Room 309
Bridgeport, CT 06604

Counsel to Maryellen & Roger Simon
Daniel C. Burns, Esq.
Berdon, Young & Margolis, P.C.
132 Temple Street
New Haven, CT 06510

Counsel to Henry Hart
Anita C. DiGioia, Esq.
acd@digiolaw.com

Gregg D. Adler, Esq.
Livingston, Adler, Pilda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922

State of Connecticut Department of Revenue Services
Maria A. Santos
Assistant Attorney General
P.O. Box 120
55 Elm Street, 4th Floor
Hartford, CT 06141-0120
Maria.santos@ct.gov

Counsel to US Bank Trust, NA
Stephanie Emma Babin, Esq.
sbabin@sassoncymrot.com
Aaron A. Fredericks, Esq.
afrederics@sassooneymrot.com

Hunt Liebert Jackson, P.C.
Linda St. Pierre, Esq.
50 Weston Street
Hartford, CT 06120

HSBS Bank, USA NA
Tracy F. Allen, Esq.
bkeef@bmpc-law.com

Counsel to BTJ, Inc.
Douglas J. Lewis, Esq.
Lewisdouglas74@yahoo.com

Counsel to Robert Lord
Ellery E. Plotkin, Esq.
eplotkinjd@aol.com

/s/ Neal P. Rogan
Neal P. Rogan, Esq.