**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| HAROLD E. COLE | ) | CASE NO. 10-50091(JAM) |
|       Debtor | ) | |
| | ) | MARCH 9, 2021 |

**TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR LEAVE OF COURT TO FILE A CIVIL ACTION AGAINST CHAPTER 7 BANKRUPTCY TRUSTEE**

TO THE HONORABLE JULIE A. MANNING, United States Chief Bankruptcy Judge:

Now comes Kara S. Rescia, duly appointed Chapter 7 Trustee of the above-captioned bankruptcy estate (the "Trustee"), and hereby objects to the Debtor's Motion for Leave of Court to File a Civil Action Against Chapter 7 Bankruptcy Trustee filed on February 11, 2021 (the "Motion for Leave") and in support thereof hereby represents as follows:

1. On January 15, 2010, the Debtor, Harold E. Cole, filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. On February 5, 2015, the case was converted to Chapter 7 (Doc. Id. 494) over the Debtor's opposition for failure to make plan payments and Kara S. Rescia was duly appointed the Chapter 7 Trustee and is currently serving in that capacity.

3. In the 6 years in which this 11 year old case has been in Chapter 7, the docket is marked by numerous objections and oppositions by the Debtor despite repeated orders of this Court authorizing the actions of the Trustee.

4. The Motion for Leave seeks the authority to file a civil lawsuit in the Connecticut Superior Court against the Trustee. Attached to the Motion for Leave is a proposed complaint which alleges two causes of action: (a) legal malpractice and (b) breach of fiduciary duty. The foundational facts for these allegations are the same as for the allegations in the Debtor's Third

Amended Motion to Remove Chapter 7 Bankruptcy Trustee filed on January 21, 2021 (Doc. Id. 1186) (the "Third Amended Motion to Remove").[1]

5. The Motion for Leave does not contain any factual or legal basis which would allow the Debtor to overcome the long-settled *Barton* Doctrine or the Trustee's quasi-judicial immunity, as discussed more fully herein, and as such is both factually and legally insufficient to support a decision granting leave to sue the Trustee in state court.

## THE *BARTON* DOCTRINE

**The Debtor must satisfy the *Barton* Doctrine.**

6. The *Barton* Doctrine, which was established by the Supreme Court states, "[B]efore suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." *Barton v. Barbour*, 104 U.S. 126, 128 (1881). "The *Barton* Court explained that a court approval requirement was necessary to ensure a consistent and equitable administration of receivership property." *In re Vistacare Grp., LLC*, 678 F.3d 218, 224 (3rd Cir. 2012). Protections afforded to receivers by the *Barton* Doctrine have been extended to bankruptcy trustees, s*ee id.* (joining numerous circuits in cases cited therein), as well as their counsel and other professionals employed on behalf of the Estate. *See In re Nathurst*, 207 B.R. 755, 758 (Bankr. M.D. Fla. 1997); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240–41 (6th Cir. 1993).

   a. **The Debtor must plead a prima facie case at the outset or leave will be barred.**

7. According to the *Barton* Doctrine, "[t]o obtain leave of court to sue a trustee, the requesting

---

[1] It should be noted that the Motion for Leave was filed two days before the third and final auction sale of assets in this case. The United States Trustee also received a letter from the Debtor's Power of Attorney, Ms. Heminway, two days before the sale asking her to undermine the Court by removing the Trustee and stopping the sale. The Trustee further received a letter from the Debtor's business partner, Bettina Krainin, two days before the sale asking her to stop the sale despite Orders of this Court. Although Debtor's counsel has repeatedly asserted the Trustee is misrepresenting the facts of this case, the actions of the Debtor's agents continue to evidence a desire to impede, stall, and belabor the estate despite final Orders of this Court.

party must establish a *prima facie* case on the merits against the trustee." *In re Biebel*, Case No. 02-32868(LMW), Adv. Pro. No. 08-3115, 2009 WL 1451637, at *10 (Bankr. D. Conn. May 19, 2009) (citations omitted); *see Vistacare Grp.*, 678 F.3d 218, 232 (citations omitted). "[T]o prove any legal malpractice claim, a plaintiff must establish the four necessary elements: (1) an attorney-client relationship; (2) a wrongful act or omission by the attorney; (3) proximate cause; and (4) damages." *Lukas v. McCoy*, 157 Conn. App. 384, 391 (2015) (quoting *Lee v. Harlow Adams & Friedman, P.C.*, 116 Conn. App. 289, 302 (2009)) (alteration in original). The foremost element is the establishment of the attorney-client relationship, which is the foundation of such a claim. To prove a breach of fiduciary duty, a plaintiff must show a bankruptcy trustee did not "treat all creditors fairly and [] exercise that measure of care and diligence that an ordinary prudent person under similar circumstances would exercise . . . Although a trustee is not liable in any manner for mistake of judgment where discretion is allowed." *In re Center Teleproductions, Inc.*, 112 B.R. 567, 576–77 (Bankr. S.D. N.Y. 1990) (quoting *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1357 (9th Cir. 1983)). In the Second Circuit, this standard for breach of fiduciary duty is extremely limited by a bankruptcy trustee's quasi-judicial immunity to certain narrow circumstances. *See* discussion infra Paragraph 14; *Center Teleproductions*, 112 B.R. at 576–78.

8. "However, even if the party seeking leave has established a *prima facie* case against the trustee, the bankruptcy court may still conclude that it is in a better position to adjudicate the claim based on a balancing of the interests of all parties involved." *Biebel*, 2009 WL 1451637, at *10. (internal quotations omitted) (citing *Strand v. Loveridge*, No. 2:07-CV-00576-DAK, 2008 WL 893004, at *2 (D. Utah Mar. 28, 2008)). "[G]iven [the bankruptcy court's] familiarity with the underlying facts and the parties, [it] is uniquely situated to determine whether a claim against the trustee has merit. The bankruptcy court is also uniquely situated to determine the

potential effect of a judgment against the trustee on the debtor's estate," *Vistacare Grp.*, 678 F.3d at 233, as any judgment against a trustee in their capacity as a trustee would take assets out of the hands of the estate for the benefit of one creditor or claimant which would otherwise benefit all creditors and claimants. *See id.* at 224 (citing *Barton*, 104 U.S. at 128–29).

**b. In the alternative, the Debtor must show an exception to the *Barton* Doctrine applies.**

9. There are two exceptions to the *Barton* Doctrine. The first is a limited exception set forth by 28 U.S.C. § 959(a), which states trustees may be sued without leave of the appointing court for acts or transactions directly related to carrying on business connected to property held or managed by the trustee. "[W]here a trustee or receiver is actually operating the business, and the acts complained of involved the trustee's 'conducting the debtor's business in the ordinary sense of the words or [his] pursuing that business as an operating enterprise,'" the aggrieved party may file suit in another forum without leave. *Vistacare Grp.*, 678 F.3d at 227 (quoting *In re Crown Vantage, Inc.*, 421 F.3d 963, 971–72 (9th Cir. 2005)). "This exception does not apply to suits against the trustee for actions taken while administering the estate." *DeLorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993) (citing *In re Campbell*, 13 B.R. 974, 976 (Bankr. D. Idaho 1981)). "Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted." *Id.* (citing *Campbell*, 13 B.R. at 976)).

10. The second exception is set forth by the language of the *Barton* Doctrine itself. A trustee may be sued without leave of the appointing court where the trustee has acted outside the scope of their authority. *Biebel*, 2009 WL 1451637, at *5. "Facts sufficient to support the allegation that the trustee exceeded the scope of the apparent authorizing order must be pled by the plaintiff at the outset or the Barton Doctrine will bar the suit in the nonappointing court." *Id.* (citing

*Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314 (6th Cir. 2006)).

> It is presumed that acts were a part of the trustee's duties unless Plaintiff *initially alleges at the outset facts demonstrating otherwise*. This presumption strikes us as persuasive. Congress intended for the Bankruptcy Code to be comprehensive and for the federal courts to have exclusive jurisdiction over bankruptcy matters. A presumption in favor of the trustee . . . that [he was] acting within the scope of . . . [his] duties prevents a plaintiff . . . from making unsupported allegations in an attempt to defeat Congress's goal of providing exclusive federal jurisdiction over bankruptcy matters.

*Id.* (quoting *In re Lowenbraun*, 453 F.3d at 322) (emphasis added in original).

> [T]here is a significant difference between raising case administration matters defensively in the State Court and seeking to impose personal liability on the Trustee in the State Court. With certain exceptions [. . .], sound public policy supports limiting actions to impose personal liability on a trustee to the appointing court.

*Id.* at *6. Accordingly, a trustee cannot be sued outside of bankruptcy court for conduct authorized by order of the bankruptcy court and within the scope of the trustee's duties. *Id.* at *5–6.

11. The *Barton* Doctrine is thus necessary to prevent the duties of a trustee from becoming irksome, which would dissuade competent individuals from pursuing the position, and to prevent the administration of bankruptcy estates from becoming more expensive. *See In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998). Further, it ensures effective oversight by the bankruptcy court and unimpeded estate administration by the trustee. *Id.*

## TRUSTEE IMMUNITY

**The Debtor must overcome the Trustee's immunity.**

12. The absolute judicial immunity which shields bankruptcy judges extends to bankruptcy trustees for quasi-judicial acts undertaken in the scope of a trustee's duties. *See In re McKenzie*,

472 B.R. 455, 468–70 (Bankr. E.D. Tenn. 2012).

   **a. The Debtor must show the Trustee acted outside the scope of her statutory or court-ordered duties.**

13. "A bankruptcy trustee is charged with safeguarding the assets of the bankruptcy estate under court supervision and thus has responsibilities both toward the estate and the court. Bankruptcy trustees are generally immune to the extent that they are acting with the approval of the court." *Gross v. Rell*, 695 F.3d 211, 216 (2d Cir. 2012) (citations omitted). "The law in this circuit is clear. '[A] bankruptcy trustee is immune from suit for personal liability for acts taken as a matter of business judgment in acting in accordance with statutory or other duty or pursuant to court order.'" *In re Smith*, 400 B.R. 370, 377 (Bankr. E.D. N.Y. 2009) (quoting *Center Teleproductions*, 112 B.R. at 578); *see In re Bernard L. Madoff Inv. Sec. LLC*, 440 B.R. 282, 290–94 (Bankr. S.D. N.Y. 2010)). Therefore, acts "performed in good faith and within the scope of [a trustee's] statutory and court-appointed duties" qualify the trustee for immunity from personal liability. *See Bernard L. Madoff Inv. Sec.*, 440 B.R. at 290. As stated above, there is a presumption in favor of the trustee that a trustee's actions were within the scope of their duties unless a plaintiff initially alleges facts demonstrating otherwise, making a prima facie case against the trustee. *Lowenbraun*, 453 F.3d at 322.

   **b.  In the alternative, the Debtor must show the Trustee negligently or intentionally violated her duties in one of the limited exceptions.**

14. There are very limited exceptions in this circuit where a trustee will not be afforded immunity. *See Center Teleproductions*, 112 B.R. at 578. "Where the trustee negligently fails to discover his agent's negligence, negligently obtains a court order, or negligently or willfully carries out a court order he knew or should have known he wrongfully procured, however, personal liability will attach." *Id.* Mere mistakes in the trustee's judgment and discretion are not enough to defeat immunity. *See Bernard L. Madoff Inv. Sec.*, 440 B.R. at 292 ("A trustee should be

shielded from liability for his lawful exercises of judgment and discretion . . ."). "If immunity applied only to decisions that turned out to be proper, there would be no need for the doctrine of immunity." *Id.*

## THE DEBTOR HAS NOT MET HIS BURDEN UNDER THE *BARTON* DOCTRINE

**The Debtor has not pled a prima facie case against the Trustee.**

15. In accordance with the *Barton* Doctrine, for leave to sue a trustee in a non-appointing court to be granted, the movant must make a prima facie case against the trustee at the outset. The Motion for Leave does not set forth the basis for either the claim of legal malpractice or the claim of breach of fiduciary duty. It is not possible to allege a legal malpractice claim without an attorney-client relationship. The Debtor is not the client of the Trustee or Trustee's counsel. Therefore there is no attorney-client relationship. There is also no attorney-client relationship between the Debtor and the Bankruptcy Estate.

16. The Motion for Leave does not contain a single factual allegation purporting to show that the Trustee acted outside the scope of her statutory or court-ordered duties. The Motion for Leave does not contain a single recitation of law that would support the Debtor's request. Therefore, the Debtor has not met his burden under the *Barton* Doctrine and leave should not be granted.

**The Debtor has not pled either of the two exceptions to the *Barton* Doctrine.**

17. The Motion for Leave does not argue that the Trustee's actions fall within either of the two exceptions to the *Barton* Doctrine, nor does it state any factual basis to support such claims. First, the Trustee is not operating a business of the Debtor. The Trustee is not now nor ever has been an operating trustee in this case. The Trustee is merely collecting assets, taking steps to preserve and/or hold assets, administering, and liquidating the Estate in accordance with her statutory and court-ordered duties.

18. Second, as stated directly above, the Trustee is administering the Bankruptcy Estate in

accordance with her statutory and court-ordered duties. All actions of the Trustee have been authorized by orders of this Court or undertaken at the direction of this Court over the numerous objections of the Debtor. Even if the Court considers the proposed complaint attached to the Motion for Leave incorporated by reference, as previously stated, the allegations contained in the complaint are substantially similar to those in the Debtor's Third Amended Motion to Remove. The Trustee has responded at very detailed length to these allegations in her Objection to Debtor's Third Amended Motion to Remove Chapter 7 Bankruptcy Trustee and Response to Memorandum of Law filed on February 10, 2021 (Doc. Id. 1190) (the "Trustee's Objection and Response"). The Trustee's Objection and Response sets forth that the actions of the Trustee which the Debtor contests have been subject to final orders of this Court and/or addressed at hearings by this Court. In fact, the Court stated at various hearings that there were no grounds or standing for the Debtor's Third Amended Motion to Remove and there is no evidence or information before the Court to support such a motion (Doc. Id. 963, 1:11:32–1:12:11; Doc. Id. 1185, 40:27–41:00), which motion is again substantially similar to the proposed state court complaint.[2] The Debtor has not met his burden under the *Barton* Doctrine and there is no basis for the Debtor to be granted leave to sue the Trustee outside of this court.

## THE DEBTOR HAS NOT MET HIS BURDEN TO DEFEAT THE TRUSTEE'S QUASI-JUDICIAL IMMUNITY

**The Debtor has not shown that the Trustee acted outside the scope of her statutory or court-ordered duties.**

19. The Trustee is protected by judicial immunity for actions undertaken within the scope of her

---

[2] Yet, despite the Court telling the Debtor that there is no basis for his claims, the Debtor continues to file frivolous pleadings which have no basis in fact or law and continues to file pleadings with the same allegations in an attempt to browbeat the Trustee into administering the case to the Debtor's order.

duties as a trustee appointed by this Court. The Debtor has put forth no argument to show why the Trustee should be held personally liable for her actions as trustee, nor has the Debtor put forth any facts to show the Trustee acted outside the scope of her duties. Indeed, as stated above, the Trustee has acted in accordance with final orders and direction of this Court. Personal liability should not be imputed to the Trustee because the Debtor disagrees with the way in which the estate is being administered. The Trustee has a duty to the bankruptcy estate and its creditors to administer the estate efficiently and effectively with oversight by the Court. The Debtor's Third Amended Motion for Leave once again seeks to undermine administration. It is another step in a pattern of calculated attempts to belabor the estate with baseless claims to the extreme detriment of all creditors.

**The Debtor has not shown that the Trustee negligently or intentionally violated her duties in one of the limited exceptions.**

20. The Debtor has not made any allegation that the Trustee negligently or intentionally violated her duties in one of the limited exceptions to the Trustee's quasi-judicial immunity. The Debtor has not alleged that the trustee negligently failed to discover her agent's negligence. The Debtor has not alleged that the Trustee negligently obtained a court order. The Debtor has not alleged that the Trustee negligently or willfully carried out a court order she knew or should have known she wrongfully procured. Indeed, the Debtor has not put forth any facts which would support such allegation, even if they were made.

### BANKRUPTCY COURT IS THE PROPER VENUE

21. Even if the Court decides the Trustee acted outside the scope of her duties, the *Barton* Doctrine directs that when considering a motion for leave, a bankruptcy court should weigh whether it is the best venue to determine the effect of a judgment against a trustee on the bankruptcy estate given the bankruptcy court's knowledge of the facts, history, and parties involved in a

case. This Court has direct knowledge of the voluminous docket, the actions the parties have taken, and the actions the parties continue to take. Therefore, it is in the best interest of the bankruptcy estate that these matters should be resolved in the bankruptcy court.

## CONCLUSION

22. This eleven year old case, which has been in Chapter 7 for over 6 years, is in the end-stages of administration. The Auctioneer's Report of Sale for the third and final auction filed on March 9, 2021 (Doc Id. 1194), includes the Trustee's Coversheet in which the Trustee reports to the Court that, as expected, this case is not a surplus case.

23. On March 9, 2021, the Trustee filed a Notice of Intent to Abandon (Doc Id. 1198), which sets forth the Trustee's intention to abandon all items located at 519 Gardiner Road, Wiscasset, Maine and 27 Middle Quarter Road, Woodbury Connecticut, as well as the few items unsold at the auction. If no objections are timely filed, the Trustee will file a Report of Abandonment for said items on March 24, 2021.

24. After Court approval of the Final Application by Auctioneer for Compensation and Reimbursement of Expenses, filed March 9, 2021 (Doc. Id 1196), the Trustee will instruct the court-appointed accountants to complete the final estate tax returns and seek Court approval to pay any taxes associated with said returns. After said returns are filed with requests for prompt determination by the taxing authorities pursuant to 11 U.S.C § 505(b) and the sixty day period expires, the Trustee will submit her final report to the Office of the U.S. Trustee.

25. Based upon the foregoing, the Trustee respectfully requests this Court to sustain the Objection and deny the Debtor's Motion for Leave of Court to File a Civil Action Against Chapter 7 Bankruptcy Trustee.

**WHEREFORE,** the Trustee, Kara S. Rescia, respectfully requests that this Court to sustain the Trustee's Objection and deny the Debtor's Motion for Leave of Court to File a Civil

Action Against Chapter 7 Bankruptcy Trustee and grant such other and further relief as the Court deems just and proper.

                                                          Respectfully Submitted,

                                                          /s/ Kara S. Rescia
                                                          Kara S. Rescia, Trustee
                                                          5104A Bigelow Commons
                                                          Enfield, CT 06082
                                                          Federal Bar No.: ct18001
                                                          Email: kara@ctmalaw.com
                                                          Dated: March 9, 2021

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| HAROLD E. COLE | ) | CASE NO. 10-50091(JAM) |
| Debtor | ) | |
| | ) | |

**PROPOSED ORDER RE: TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR LEAVE OF COURT TO FILE A CIVIL ACTION AGAINST CHAPTER 7 BANKRUPTCY TRUSTEE**

Upon the Trustee's Objection to Debtor's Motion for Leave of Court to File a Civil Action Against Chapter 7 Bankruptcy Trustee filed by Kara S. Rescia, Trustee, dated March 9, 2021 (Doc. Id. __ hereinafter "Objection"), after notice and hearing, it is hereby:

**ORDERED**: That the Trustee's Objection to the Debtor's Motion for Leave of Court to File a Civil Action Against Chapter 7 Bankruptcy Trustee is sustained and the Debtor's Motion for Leave of Court to File a Civil Action Against Chapter 7 Bankruptcy Trustee is denied.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| HAROLD E. COLE | ) | CASE NO. 10-50091(JAM) |
| Debtor | ) | |
| | ) | MARCH 9, 2021 |

**CERTIFICATE OF SERVICE**

The undersigned Trustee hereby certifies that on March 9, 2021 in accordance with Rules 7004, 7005, and 9014 F.R. Bank. P., I served the Trustee's Objection to Debtor's Motion for Leave of Court to File a Civil Action Against Chapter 7 Bankruptcy Trustee with Proposed Order on the parties listed below via electronic mail or U.S. Postal Mail:

Office of the United States Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

Debtor
Harold E. Cole
P.O. Box 310
Woodbury, CT 06798

Debtor's Counsel
Neal Rogan, Esq.
Law Offices of Neal Rogan, LLC
315 Post Road
Westport, CT 06880
neal@nealrogan.com

Margaret Heminway
1714 Ebb Drive
Wilmington, NC 28409

Counsel to Susan Balutis
David M. S. Shaiken, Esq.
Shipman, Shaiken & Schwefel, LLC
433 Sount Main Street, Suite 319
West Hartford, CT 06110
david@shipmanlawct.com

John A. Lovetere, Executor of the Estate of Nancy Lovetere
Denise M. Cloutier, Esq.
William C. Franklin, Esq.
Thomas W. Mott, Esq.
tmott@lmzlegal.com
Cramer & Anderson, LLP
P.O. Box 278
Litchfield, CT 06759-0278

Counsel to Susan Balutis
Gregg D. Adler, Esq.
Livingston, Adler, Pilda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922
gdadler@lapm.org

United States Internal Revenue Service
Christine Sciarrino, Assistant United States Attorney
U.S. Attorney's Office
915 Lafayette Boulevard, Room 309
Bridgeport, CT 06604

Counsel to Maryellen & Roger Simon
Stuart A. Margolis Esq.  stuart.margolis@bymlaw.com
Pasquale Young, Esq.
Daniel C. Burns, Esq.
Berdon, Young & Margolis, P.C.
132 Temple Street
New Haven, CT 06510

Counsel to Donna Lee Hamilton Lorrain & Patricia Stauble
Douglas M. Evans, Esq.    bankr@kmelaw.com
Kroll, McNamara, Evans & Delehanty, LLP
65 Memorial Road, Suite 300
West Hartford, CT 06107

Eliot Field, Esq.
11 Summer Street
P.O. Box 583
Wiscasset, ME 04578-0583

Counsel to Town of Woodbury
Thomas A. Kaelin
tkaelin@kaelinlaw.com

Counsel to Henry Hart
Anita C. DiGioia, Esq.
acd@digioalaw.com

Hunt Leibert Jacobson, P.C.
Linda St. Pierre, Esq.
Linda.St.Pierre@mccalla.com
50 Weston Street
Hartford, CT 06120

State of Connecticut, Dept. of Revenue Services
Maria A. Santos, Assistant Attorney General
P.O. Box 120
55 Elm Street, 4th Floor
Hartford, CT 06141-0120
Maria.santos@ct.gov

HSBC Bank, USA NA
Tracy F. Allen, Esq.
bkecf@bmpc-law.com

Counsel to US Bank Trust, NA & MTGLQ Investors, LP
Stephanie Emma Babin, Esq.
sbabin@sassooncymrot.com
Aaron A. Fredericks, Esq.
afrederics@sassooncymrot.com

Counsel to BTJ, Inc.
Douglas J. Lewis, Esq.
Lewisdouglas74@yahoo.com

Gregory F. Arcaro Counsel to Donna Lee Hamilton Lorraine & Patricia Stauble
garcaro@grafsteinlaw.com,

Town of Bethlehem
P O Box 160
Bethlehem, CT 06751

                              /s/ Kara S. Rescia
                              Kara S. Rescia, Trustee