**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| HAROLD E. COLE | ) | CASE NO. 10-50091 (JAM) |
| Debtor | ) | |
| | ) | MARCH 30, 2021 |

**<u>DEBTOR'S OBJECTION TO FINAL APPLICATION BY AUCTIONEER FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

The undersigned on behalf of the Debtor, Harold E. Cole, hereby objects to the Final Application by Auctioneer for Compensation and Reimbursement of Expenses dated March 9, 2021. The Debtor has on two previous occasions interposed an objection to previous Applications for Compensation to be paid to the Auctioneer. Those previous objections are hereby incorporated by reference as if more fully set forth herein.

The Debtor objects to the Final Application by Auctioneer for Compensation and Reimbursement of Expenses on the following grounds:

1. As articulated to the Court on at least two prior occasions, the Debtor has maintained that the fee structure and the costs incurred by the Auctioneer are grossly excessive for auctions of this type and that the Auctioneer's fee structure is significantly higher than that of more qualified auctioneers in the field of early American antiques.

2. In addition, listed below are specific instances demonstrating the negligence and ineptitude of the Auctioneer, The Hamilton Group, in conducting the third sale, which was consummated in February of 2021:

    a. The Auctioneer continued to disregard the steps necessary to present items so that they may achieve highest and best value.

      b.   The Auctioneer ignored Live Auctioneer's instructions, the platform chosen by the Auctioneer, on how to present items for sale. Live Auctioneers provides a template that when used results in "a 51.41% higher hammer price." This action alone results in items selling for approximately one-half of their real value.

      c.   The Auctioneer has habitually put condition information in the title, which is against industry standard. Typically, the term condition commensurate with age is utilized in auctions of this nature. When condition is presented in the title, it informs the potential buyer that the condition is much worse than what would be expected. This was not true of the items the Auctioneer represented this way and has thus hampered many items ability to bring highest and best value. The Auctioneer continued to present items in this manner despite notice to the Trustee of the information provided by Live Auctioneers and the Auctioneer's prior disregard of this valuable information.

      d.   The Auctioneer's continued use of inaccurate and incomplete descriptions, thereby hampering the potential buyer's ability to identify items for purchase and preventing the Auctioneer from bringing highest and best value.

      3.   In an online auction environment, descriptions are critical to guide buyer to items in which they have interest. Misidentifications or failures to provide key information, even when they seem minor to persons not involved in the antiques business. can be devastating to the item's ability to bring its highest and best value. Specific examples of inaccurate descriptions from the most recent sale include, but are not limited to, the following:

      a.   Lot 27 is not a "pencil post" leg stand, as there is no such thing. This description was used despite prior notice to the Trustee.

      b.   Lots 63, 89, 97, and 332 are not end tables or side tables. These terms are modern

and are not used in the antiques industry to replace descriptions such as Sheraton, Federal or Taper leg stands.

      c. Lot 42 is a clock shelf. By listing it as "hanging rack, clock shelf" the auctioneer communicated to potential buyers that the Auctioneer was not sure what the item was.

      d. Lot 44 is a Brewster chair not a "spindle back" chair.

      e. Lots 57, 164, 340, and 341 are not continuous arm or bow back Windsor chairs, they are sack back Windsor chairs. The terms are not interchangeable, as they describe specific and different forms.

      f. Lot 67 is a wagon seat not a "country stand" and, as such, the proper description would have made this item much more desirable. This information was conveyed to the Trustee prior to the sale, however it was ignored.

      g. Lot 193 is a bucket bench, not a bookcase. Bookcase is not an industry term for this form and a buyer searching online for a bucket bench would likely not discover it.

      h. Lot 197 is not a pie crust table. It does not have "ring" marks, it has scribe marks.

      i. Lot 240 says it has, "no maker." Clearly someone made it. There were many other unsigned decoys in the sale, none of which were identified as having "no maker."

      j. Lot 333 in not Shaker "style," it is Shaker. In the industry the word style is used to denote a copy or reproduction. Using the word style conveys to the buying audience this was not a period Shaker piece, thereby destroying its value.

      k. Lot 605 and 609 should have been properly grouped together, which the Auctioneer did not recognize, thus devaluing the items.

      4. Examples of the Auctioneer's failure to provide key information to potential buyers

include, but are not limited to, the following:

    a. Lots 134 and 154 are Canadian.

    b. Lot 160 has bosses, not "applied decorations." Using the correct term would have alerted collectors to the fact that this was a pilgrim century piece. Collectors expect the pieces to be "very rough," as they are 300-400 years old. The preauction estimate of $100-$150 is another indicator that the Auctioneer did not know what this item was.

    c. Lot 161 is a Duncan Phyfe table.

    d. Lot 192 is a hutch table.

    e. Lot 209 was a Crandell horse, making it much more desirable, however the makers name was not provided on the item description by the Auctioneer.

    f. Lot 382 is a very rare confidence decoy, not a carved, wood bird.

    g. Lot 383 is not an "ashtray stand," it is a smoking stand.

    h. Lot 444 is a Rochester Rooster weathervane, not a windmill weight.

    i. Lot 486 is not a "waffle top footstool," it is a very rare candle mold holder. This information was provided by the Debtor to the Trustee and ignored.

5. The above examples are not inclusive and additional examples can be provided at the request of the Trustee or the Court.

6. The Hamilton Group has charged for expenses far above and beyond those charged by other galleries. In fact, many of the expenses claimed by the Auctioneer are not charged by other galleries at all. Even Sotheby's and Christie's charge less than fifteen percent (15%). Skinner's charges seven percent (7%) and Julia's charges zero percent (0%). The Hamilton Group charged twenty-nine percent (29%) in this sale and thirty percent (30%) in the prior sale. The Hamilton Group has billed the bankruptcy estate roughly two times what the top galleries in

the world charge.

7. In summary, this Auctioneer has been identified by the Debtor on numerous occasions as being uniquely unqualified to conduct a proper auction of the Debtor's antiques estate. That information was fully and accurately conveyed to the Chapter 7 Bankruptcy Trustee, which she chose to ignore. It appears particularly offensive and egregious to continue to reward someone for incompetence and ineptitude that ultimately has caused significant financial damage to the Chapter 7 Bankruptcy Estate.

WHEREFORE, the undersigned on behalf of the Debtor, Harold Cole, respectfully requests that this Court deny the Final Application by Auctioneer for Compensation and Reimbursement of Expenses dated March 9, 2021.

                                          Harold E. Cole

By:   /s/ Neal P. Rogan
Neal P. Rogan (ct13602)
Law Offices of Neal Rogan, LLC
315 Post Road West
Westport, CT 06880
(t) (203) 341-8783
(f) (203) 341-8560 fax
neal@nealrogan.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| HAROLD E. COLE | ) | CASE NO. 10-50091 (JAM) |
| Debtor | ) | |
| | ) | MARCH 30, 2021 |

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on March 30, 2021 in accordance with Rules 7004, 7005, and 9014 F.R. Bank. P., I served the Debtor's Motion for Leave to File a Civil Action Against Chapter 7 Bankruptcy Trustee with Proposed Order and the proposed civil action on the parties listed below via electronic mail or U.S. Postal Mail:

Debtor
Harold E. Cole
P.O. Box 310 Woodbury, CT 06798

Margaret Heminway
1714 Ebb Drive
Wilmington, NC 28409

Kara S. Rescia, Esq.
Paige Vaillancourt, Esq.
Rescia Law, P.C.
5104A Bigelow Commons
Enfield, CT 06082

Office of the United States Trustee
Giaimo Federal Building
150 Court Street
Room 302
New Haven, CT 06510

Art Pappas
P.O. Box 335
Woodbury, CT 06798

Counsel to Susan Balutis
David M. S. Shaiken, Esq.
Shipman, Shaiken & Schwefel, LLC
433 South Main Street
Suite 319
West Hartford, CT 06110
david@shipmanlawct.com

Counsel to Donna Lee Hamilton
Lorrain & Patricia Stauble
Gregory F. Arcaro, Esq.
garcaro@grafsteinlaw.com,

Counsel to Henry Hart
Anita C. DiGioia, Esq.
acd@digiolaw.com

Gregg D. Adler, Esq.
Livingston, Adler, Pilda, Meiklejohnn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922

State of Connecticut Department of Revenue Services
Maria A. Santos
Assistant Attorney General
P.O. Box 120
55 Elm Street, 4th Floor
Hartford, CT 06141-0120
 Maria.santos@ct.gov

Counsel to US Bank Trust, NA
Stephanie Emma Babin, Esq.
sbabin@sassoncymrot.com
Aaron A. Fredericks, Esq. afrederics@sassooneymrot.com

HSBC Bank, USA NA
Tracy F. Allen, Esq.
bkecf@bmpc-law.com

Counsel to BTJ, Inc.
Douglas J. Lewis, Esq.
Lewisdouglas74@yahoo.com

<u>John A. Lovetere, Executor of the Estate of Nancy Lovetere</u>
Denise M. Cloutier, Esq.
William C. Franklin, Esq.
Thomas W. Mott, Esq. tmott@lmzlegal.com
Cramer & Anderson, LLP
P.O. Box 278
Litchfield, CT 06759-0278

<u>Counsel to Maryellen & Roger Simon</u>
Stuart A. Margolis Esq.
Pasquale Young, Esq.
Daniel C. Burns, Esq.
Berdon, Young & Margolis,
P.C. 132 Temple Street
New Haven, CT 06510

<u>United States Internal Revenue Service</u>
Christine Sciarrino, Assistant United States Attorney
U.S. Attorney's Office
915 Lafayette Boulevard, Room 309
Bridgeport, CT 06604

Eliot Field, Esq.
11 Summer Street
P.O. Box 583
Wiscasset, ME 04578-0583

Town of Bethlehem
P.O. Box 160
Bethlehem, CT 06751

Counsel to Town of Woodbury
Thomas A. Kaelin
tkaelin@kaelinlaw.com

Hunt Leibert Jacobson, P.C.
Linda St. Pierre, Esq.
Linda.St.Pierre@mccalla.com
50 Weston Street
Hartford, CT 06120


/s/ Neal P. Rogan
Neal P. Rogan, Esq.